IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY C. MORRIS, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: 2:06cv349-VPM |
| v. | ) | |
| | ) | |
| PFIZER INC., a Delaware Corporation; | ) | |
| PHARMACIA CORPORATION, a | ) | |
| Delaware Corporation; MONSANTO | ) | |
| COMPANY, a Delaware Corporation; | ) | |
| G.D. SEARLE, LLC, a Delaware | ) | |
| Corporation; ROBERT VANDELUNE; | ) | |
| SAMUEL KLEMENT; JAMIE PEACOCK; | ) | |
| BEN MCCLURKIN; ROD MCWHORTER; | ) | |
| AND TIFFANY GUCKENBERY | ) | |
| And fictitious Defendants A, B, C and D | ) | |
| being those persons, firms or corporations | ) | |
| whose actions, inactions, fraudulent | ) | |
| suppression, fraud, scheme to defraud and/or | ) | |
| other wrongful conduct caused or | ) | |
| contributed to the Plaintiff's injuries and | ) | |
| damages, and whose true names and | ) | |
| identities are presently unknown to the | ) | |
| Plaintiff but will be substituted by | ) | |
| amendment when ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF ANSWERING DEFENDANTS
## TO PLAINTIFF'S COMPLAINT

Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation ("Pharmacia" and

improperly captioned in Plaintiff's complaint as Monsanto Company), G.D. Searle

**Error! Unknown document property name.**

LLC ("Searle") (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC"), Robert Vandelune ("Vandelune"), Samuel Klement ("Klement"), Jamie Peacock ("Peacock"), Ben McClurkin ("McClurkin"), Rod McWhorter ("McWhorter") and Tiffany Guckenberg ("Guckenberg") (collectively the "Answering Defendants") hereby answer Plaintiff's Complaint in this action and state as follows:

## PRELIMINARY STATEMENT

The Complaint does not state when Plaintiff was prescribed or used Celebrex® and, as such, this Answer can only be drafted generally and without reference to a specific period in time. Answering Defendants reserve the right to amend this Answer if or when discovery reveals the time period in which the Plaintiff was prescribed and used Celebrex®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of Plaintiff's Complaint.

## ANSWERING:
## STATEMENT OF THE PARTIES

1.    Answering Paragraph 1, Answering Defendants deny that Plaintiff's injuries resulted from his alleged use of Celebrex® (Celecoxib). As for the remainder of the allegations contained therein, Answering Defendants have

2

insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore deny the same.

2.    Answering Paragraph 2, Answering Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore deny the same.

3.    Answering Paragraph 3, Answering Defendants admit that Searle is a wholly-owned subsidiary of Pharmacia Corporation, which is in turn a wholly-owned subsidiary of Pfizer.  Searle is a Delaware limited liability company with its principal place of business in Illinois and that it is registered to do business in Alabama.  Answering Defendants admit that, during certain period(s) of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Answering Defendants state the allegation in Paragraph 3 of Plaintiff's complaint regarding place of service is a legal conclusion to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

4.    Answering Paragraph 4, Answering Defendants admit that Pharmacia is a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey, and is registered to do business in

3

Alabama. Answering Defendants admit that, during certain period(s) of time, Pharmacia marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants state the allegation in Paragraph 4 of Plaintiff's Complaint regarding place of service is a legal conclusion to which no response is required. Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

5.      Answering Paragraph 5, Answering Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®, the Defendants are, therefore, stating that the 2000 Monsanto is not a proper party in this matter.

4

Except as admitted herein, Defendants deny the allegations contained in this paragraph.

6.      Answering Paragraph 6, Answering Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York, and is registered to do business in Alabama.  Answering Defendants admit that, during certain period(s) of time, Pfizer co-promoted and marketed the prescription drug Celebrex® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Answering Defendants state the allegation in Paragraph 6 of Plaintiff's Complaint regarding place of service is a legal conclusion to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

7.      Answering Paragraph 7, Answering Defendants admit that Vandelune is a sales representative for Pfizer.  Answering Defendants state that the allegation in Paragraph 7 of Plaintiff's Complaint regarding place of service is a legal conclusion to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

8.      Answering Paragraph 8, Answering Defendants admit that Klement is a sales representative for Pfizer.  Answering Defendants state that the allegation in Paragraph 8 of Plaintiff's Complaint regarding place of service is a legal

5

conclusion to which no response is required.    Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

9.    Answering Paragraph 9, Answering Defendants admit that Peacock was a sales representative for Pfizer.    Answering Defendants state that the allegation in Paragraph 9 of Plaintiff's Complaint regarding place of service is a legal conclusion to which no response is required.    Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

10.    Answering Paragraph 10, Answering Defendants admit that McClurkin is a sales representative for Pfizer.    Answering Defendants state that the allegation in Paragraph 10 of Plaintiff's Complaint regarding place of service is a legal conclusion to which no response is required.    Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

11.    Answering Paragraph 11, Answering Defendants admit that McWhorter is a sales representative for Pfizer.    Answering Defendants state that the allegation in Paragraph 11 of Plaintiff's Complaint regarding place of service is a legal conclusion to which no response is required.    Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

12.    Answering Paragraph 12, Answering Defendants admit that Guckenberg is a sales representative for Pfizer.    Answering Defendants state that the allegation in Paragraph 12 of Plaintiff's Complaint regarding place of service is

6

a legal conclusion to which no response is required.  Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

13.    Answering Paragraph 13, Answering Defendants lack sufficient knowledge and information as to the allegations contained in this paragraph and therefore deny the same.

14.    Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations contained in this paragraph.

15.    Answering Paragraph 15, Answering Defendants lack sufficient knowledge and information as to facts concerning the citizenship of Plaintiff and the amount in controversy to form a belief as to the truth of the jurisdictional allegations contained therein, and therefore deny the same.  By way of further answer, Answering Defendants state that Paragraph 15 of the Complaint contains legal conclusions to which no answer is required.  Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

16.    Answering Paragraph 16, Answering Defendants admit that, during certain period(s) of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex in the United States. Answering Defendants admit that Pharmacia has marketed Celebrex® in the United States at certain times and that Pfizer has marketed and co-promoted

7

Celebrex at certain times in the United States. Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

17.    Answering Paragraph 17, Answering Defendants deny the allegations contained in this paragraph.

## ANSWERING:
## STATEMENT OF THE FACTS

18.    Answering Paragraph 18, Answering Defendants admit that, during certain period(s) of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex in the United States. Answering Defendants admit that Pharmacia has marketed Celebrex® in the United States at certain times and that Pfizer has marketed and co-promoted Celebrex at certain times in the United States. Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

19.    Answering Paragraph 19, Answering Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) the relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of the signs and symptoms of ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colectoral polyps in familial adenomatous polyposis

8

("FAP"), as an adjunct to usual care (e.g. endoscopic surveillance, surgery). Defendants further admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States.   Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States. Defendants state that Celebrex® is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny that Monsanto is a "Celebrex Defendant".  Except as stated herein, Answering Defendants deny the allegations contained in Paragraph 19.

20.    Answering Paragraph 20, Answering Defendants deny Celebrex® is defective and deny the remaining allegations contained in this paragraph.

21.    Answering Paragraph 21, Answering Defendants are without sufficient information to admit or deny the allegations contained in this paragraph and therefore deny the same.

22.    Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations regarding Plaintiff's use of Celebrex®, and therefore deny the same.   Answering Defendants deny the remaining allegations contained in this paragraph.

9

23.    Answering Paragraph 23, Answering Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph.

24.    Answering Paragraph 24, Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as stated herein, Answering Defendant deny the allegations contained in this paragraph.

25.    Paragraph 25 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Answering Defendants deny the allegations contained therein.

## ANSWERING: FACTS REGARDING CELEBREX'S SAFETY AND DEFENDANTS' KNOWLEDGE THEREOF

26.    Answering Paragraph 26, Answering Defendants refer to Dr. Eric Topol's August 22, 2001 article in the *Journal of the American Medical Association*, which speaks for itself and any attempt to characterize it is denied. Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny the remaining allegations contained in this paragraph.

B MJA 706923 v1
2902026-000045 04/10/2006

27.    Answering Paragraph 27, Answering Defendants refer to Dr. Garrett FitzGerald's October 21, 2004 editorial in *The New England Journal of Medicine*, which speaks for itself and any attempt to characterize it is denied.  Answering Defendants deny the remaining allegations contained in this paragraph.

28.    Answering Paragraph 28, Plaintiff fails to provide proper context for the allegations concerning "studies" contained in Paragraph 28 and, therefore, Answering Defendants are without sufficient information to confirm or deny the allegations contained in this paragraph and, therefore, deny the same. Answering Defendants deny the remaining allegations contained in this paragraph.

29.    Answering Paragraph 29, Answering Defendants deny the allegations contained in this paragraph.

## ANSWERING: CELEBREX AND COX-2 STUDIES DID NOT SHOW CELEBREX TO BE SAFE

30.    Answering Paragraph 30, Answering Defendants admit that a supplemental NDA was submitted on June 12, 2000 to the FDA for Celebrex®. Answering Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Further answering, Answering Defendants admit that a Medical Officer Review dated September 20, 2000 was completed by the FDA. Answering Defendants assert that the Medical Officer Review speaks for itself and

11

any attempt to characterize it is denied.    Except as admitted herein, Answering Defendants deny the remaining allegations in this paragraph.

## ANSWERING: CLASS

31.    Answering Paragraph 31, Answering Defendants admit that a Medical Officer Review dated September 20, 2000 was completed by the FDA for the supplemental NDA submitted for Celebrex®.    Answering Defendants assert that the Medical Officer Review speaks for itself and any attempt to characterize it is denied.    Further Answering, Answering Defendants admit that an Alert for Healthcare Professionals regarding Celebrex® was issued by the FDA on April 7, 2005.    Answering Defendants assert that the Alert for Healthcare Professionals speaks for itself and any attempt to characterize it is denied.    Except as admitted herein, Answering Defendants deny the remaining allegations in this paragraph.

32.    Answering Paragraph 32, Answering Defendants refer to Dr. Fred E. Silverstein et al. September 13, 2000 article in the *Journal of the American Medical Association*, which speaks for itself and any attempt to characterize it is denied.    Further answering, Answering Defendants refer to the August 5, 2001 article in the *Washington Post*, which speaks for itself and any attempt to characterize it is denied.    Answering Defendants deny the remaining allegations contained in this paragraph.

12

33.    Answering Paragraph 33, Answering Defendants refer to the August 5, 2001 article in the *Washington Post*, which speaks for itself and any attempt to characterize it is denied.    Further Answering, Answering Defendants refer to the Medical Officer Review dated September 20, 2000 completed by the FDA for the supplemental NDA submitted for Celebrex®.    Answering Defendants assert that the Medical Officer Review speaks for itself and any attempt to characterize it is denied.  Answering Defendants deny making and misrepresentations and deny the remaining allegations contained in this paragraph.

34.    Answering Paragraph 34, Answering Defendants refer to the August 5, 2001 article in the *Washington Post*, which speaks for itself and any attempt to characterize it is denied.  Answering Defendants deny the remaining allegations contained in this paragraph.

35.    Answering Paragraph 35, Answering Defendants refer to the August 5, 2001 article in the *Washington Post*, which speaks for itself and any attempt to characterize it is denied.  Answering Defendants deny any "scientific double cross" and deny the remaining allegations contained in this paragraph.

36.    Answering Paragraph 36, Answering Defendants refer to the Medical Officer Review dated September 20, 2000 completed by the FDA for the supplemental NDA submitted for Celebrex®.  Answering Defendants assert that the Medical Officer Review speaks for itself and any attempt to characterize it is

13

denied.  Answering Defendants deny the remaining allegations contained in this paragraph.

37.     Answering Paragraph 37, Plaintiff fails to provide proper context for the allegations concerning "Public Citizen" contained in paragraph 37 and, therefore, Answering Defendants are without sufficient information to confirm or deny the allegations contained in this paragraph and therefore deny the same. Answering Defendants deny the remaining allegations contained in this paragraph.

38.     Answering Paragraph 38, Plaintiff fails to provide proper context for the allegations concerning "Public Citizen" contained in paragraph 38 and, therefore, Answering Defendants are without sufficient information to confirm or deny the allegations contained in this paragraph and therefore deny the same. Answering Defendants deny the remaining allegations contained in this paragraph.

## ANSWERING: APC TRIAL

39.     Answering Paragraph 39, Answering Defendants refer to Dr. Scott D. Solomon et al. March 17, 2005 article in the *New England Journal of Medicine,* which speaks for itself and any attempt to characterize it is denied.   Except as admitted herein, Answering Defendants deny the remaining allegations in this paragraph.

14

40. Answering Paragraph 40, Answering Defendants admit that an Alert for Healthcare Professionals regarding Celebrex® was issued by the FDA on April 7, 2005. Answering Defendants assert that the Alert for Healthcare Professionals speaks for itself and any attempt to characterize it is denied. Except as admitted herein, Answering Defendants deny the remaining allegations in this paragraph.

41. Answering Paragraph 41, Answering Defendants refer to Dr. Scott D. Solomon et al. March 17, 2005 article in the *New England Journal of Medicine,* which speaks for itself and any attempt to characterize it is denied. Further Answering, Answering Defendants refer to the Medical Officer Review dated September 20, 2000 completed by the FDA for the sNDA submitted for Celebrex®. Answering Defendants assert that the Medical Officer Review speaks for itself and any attempt to characterize it is denied. Answering Defendants deny the remaining allegations contained in this paragraph.

## ANSWERING: OTHER CELEBREX TRIALS

42. Answering Paragraph 42, Plaintiff fails to provide proper context for the allegations concerning "other Celebrex trials" or the "PreSap trial" contained in paragraph 42 and, therefore, Answering Defendants are without sufficient information to confirm or deny the allegations contained in this paragraph and

B MJA 706923 v1
2902026-000045 04/10/2006

therefore deny the same.    Answering Defendants deny the remaining allegations contained in this paragraph.

43.    Answering Paragraph 43, Answering Defendants refer to Public Citizen's Health Research Group's January 24, 2005 *Petition to Remove the Cox-2 Inhibitors Celecoxib (CELEBREX) and Valdecoxib (BEXTRA) From the Market,* which speaks for itself and any attempt to characterize it is denied.    Answering Defendants deny the remaining allegations contained in this paragraph.

### ANSWERING: COX-2 STUDIES: VIGOR AND APPROVe

44.    Answering Paragraph 44, Plaintiff fails to provide proper context for the allegations concerning "knowledge of . . . studies conducted by Merck" contained in paragraph 44 and, therefore, Answering Defendants are without sufficient information to confirm or deny the allegations contained in this paragraph and therefore deny the same.    Answering Defendants deny the remaining allegations contained in this paragraph.

### ANSWERING: a. VIGOR

45.    Answering Paragraph 45, Answering Defendants refer to the Medical Officer Review dated September 20, 2000 completed by the FDA for the sNDA submitted for Celebrex®.  Answering Defendants assert that the Medical

16

Officer Review speaks for itself and any attempt to characterize it is denied. Answering Defendants deny the remaining allegations contained in this paragraph.

46.    Answering Paragraph 46, allegations related to Merck are unrelated to Answering Defendants, and therefore no response is required. To the extent a response is deemed required, Answering Defendants state that as Plaintiff has not provided sufficient information for Answering Defendants to confirm or deny the existence of the statements to which Plaintiff refers in this paragraph, Answering Defendants do not have sufficient information to confirm or deny the existence of those statements, and therefore deny the same. Except as stated herein, Answering Defendants deny the remaining allegations in this paragraph.

47.    Answering Paragraph 47, allegations related to Merck are unrelated to Answering Defendants, and therefore no response is required. To the extent a response is deemed required, Answering Defendants state that as Plaintiff has not provided sufficient information for Answering Defendants to confirm or deny the existence of the statements to which Plaintiff refers in this paragraph, Answering Defendants do not have sufficient information to confirm or deny the existence of those statements, and therefore deny the same. Except as stated herein, Defendants deny the remaining allegations in this paragraph.

## ANSWERING: b. APPROVe

17

48.     Answering Paragraph 48, allegations related to Merck are unrelated to Answering Defendants, and therefore no response is required.   To the extent a response is deemed required, Answering Defendants state that as Plaintiff has not provided sufficient information for Answering Defendants to confirm or deny the existence of the statements to which Plaintiff refers in this paragraph, Answering Defendants do not have sufficient information to confirm or deny the existence of those statements, and therefore deny the same.   Except as stated herein, Defendants deny the remaining allegations in this paragraph.

49.     Answering Paragraph 49, Answering Defendants deny the allegations of this paragraph.

50.     Answering Paragraph 50, Answering Defendants refer to Dr. Garrett FitzGerald's October 21, 2004 editorial in *The New England Journal of Medicine*, which speaks for itself and any attempt to characterize it is denied.   Answering Defendants deny the remaining allegations contained in this paragraph.

51.     Answering Paragraph 51, Answering Defendants refer to Dr. Eric Topol's August 22, 2001 article in the *Journal of the American Medical Association*, which speaks for itself and any attempt to characterize it is denied. Answering Defendants deny the remaining allegations contained in this paragraph.

52.     Answering Paragraph 52, Answering Defendants deny the allegations contained in this paragraph.

18

53.    Answering Paragraph 53, Answering Defendants deny the allegations contained in this paragraph.

54.    Answering Paragraph 54, Answering Defendants deny the allegations contained in this paragraph.

55.    Answering Paragraph 55, Answering Defendants deny the allegations contained in this paragraph.

56.    Answering Paragraph 56, Answering Defendants deny the allegations contained in this paragraph.

**ANSWERING: FACTS REGARDING DEFENDANTS'
MARKETING AND SALE OF CELEBREX**

57.    Answering Paragraph 57, Answering Defendants deny tha tCelebrex is ineffective and unreasonably dangerous and deny the allegations contained in this paragraph.

58.    Answering Paragraph 58, Answering Defendants admit that on January 10, 2005 a letter was issued by the Division of Drug Marketing, Advertising and Communications (DDMAC), which speaks for itself and any attempt to characterize it is denied.  Further Answering, Answering Defendants admit that on October 6, 1999 a letter was issued by DDMAC, which speaks for itself and any attempt to characterize it is denied.  Except as admitted herein, Defendants deny the remaining allegations in this paragraph.

19

59.    Answering Paragraph 59, Answering Defendants deny the allegations contained in this paragraph. Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

60.    Answering Paragraph 60, Answering Defendants lack sufficient knowledge and information as to "Decedent's prescribing physicians" to form a belief as to the truth of the allegations contained therein, and therefore deny the same. Answering Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) the relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of the signs and symptoms of ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colectoral polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g. endoscopic surveillance, surgery). Answering Defendants deny making any misrepresentations and deny the remaining allegations contained in this paragraph.

61.    Answering Paragraph 61, Answering Defendants deny the allegations contained in this paragraph.

20

62.    Answering Paragraph 62, Answering Defendants admit that at certain times three entities marketed Celebrex for use in accordance with its FDA approved indications.    Answering Defendants deny the remaining allegations contained in this paragraph.

63.    Answering Paragraph 63, Answering Defendants admit that at certain times three entities marketed Celebrex for use in accordance with its FDA approved indications.    Answering Defendants deny the remaining allegations contained in this paragraph.

64.    Answering Paragraph 64, Answering Defendants deny the allegations contained in this paragraph. Answering Defendants admit that at certain times three entities marketed Celebrex for use in accordance with its FDA approved indications.    Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny the remaining allegations contained in this paragraph.

65.    Answering Paragraph 65, Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported

21

with applicable standards of care and law. Answering Defendants deny any omission, suppression or concealment of information and deny the remaining allegations contained in this paragraph.

66. Answering Paragraph 66, Plaintiff fails to provide proper context for the allegations concerning "large market share" contained in Paragraph 66, and, therefore, Defendants are without knowledge or information to form a belief as to the truth of the allegations and deny the same. Answering Defendants admit that in 2004 Celebrex sales exceeded $2 billion. Answering Defendants deny the remaining allegations contained in this paragraph.

67. Answering Paragraph 67, Answering Defendants admit that at certain times three entities marketed Celebrex for use in accordance with its FDA approved indications. Answering Defendants deny the remaining allegations contained in this paragraph. Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny any concealment, omission, suppression or obfuscation of the truth and deny the remaining allegations contained in this paragraph.

68. Answering Paragraph 68, Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-

B MJA 706923 v1
2902026-000045 04/10/2006

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny the allegations contained in this paragraph.

69.   Answering Paragraph 69, Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny the allegations contained in this paragraph.

70.   Answering Paragraph 70, Answering Defendants deny the allegations contained in this paragraph.

71.   Answering Paragraph 71, Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny the allegations contained in this paragraph.

72.   Answering Paragraph 72, Answering Defendants deny the allegations contained in this paragraph.

73.   Answering Paragraph 73, Answering Defendants state that the potential side effects of Celebrex were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported

B MJA 706923 v1
2902026-000045 04/10/2006

with applicable standards of care and law.  Answering Defendants deny the allegations contained in this paragraph.

## ANSWERING:

## COUNT I:
## NEGLIGENCE

74.   Answering Paragraph 74, Answering Defendants incorporate their responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

75.   Answering Paragraph 75, Answering Defendants deny the allegations contained in this paragraph.

76.   Answering Paragraph 76, Answering Defendants state that these allegations are conclusions of law and hence no response is required.  To the extent a response is deemed required, Answering Defendants admit that they had duties as are imposed by law.   Answering Defendants deny the remaining allegations contained in this paragraph.

77.   Answering Paragraph 77, Answering Defendants deny every allegation of this paragraph and all subparts thereto.

78.   Answering Paragraph 78, Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported

24

with applicable standards of care and law. Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

79. Answering Paragraph 79, Answering Defendants deny the allegations of this paragraph.

80. Answering Paragraph 80, Answering Defendants deny the allegations of this paragraph.

81. Answering Paragraph 81, Answering Defendants deny the allegations of this paragraph.

82. Answering Paragraph 82, Answering Defendants deny the allegations of this paragraph.

**ANSWERING:**
**COUNT II:**
**STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN**

83. Answering Paragraph 83, Answering Defendants incorporate their responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

84. Answering Paragraph 84, Answering Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States. Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United

25

States.    Except as admitted herein, Answering Defendants deny the allegations contained in this paragraph.

85.    Answering Paragraph 85, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Except as stated herein, Answering Defendants deny the allegations contained in this paragraph and all subparts thereof.

86.    Answering Paragraph 86, Answering Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Celebrex® reached Plaintiff, and therefore, deny the same.    Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

87.    Answering Paragraph 87, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and therefore deny the same.

26

88.    Answering Paragraph 88, Answering Defendants deny that Celebrex® was defective or unreasonably dangerous and deny the remaining allegations contained in this paragraph.

89.    Answering Paragraph 89, Answering Defendants deny that Celebrex® was defective or unreasonably dangerous and deny the remaining allegations contained in this paragraph.

90.    Answering Paragraph 90, Answering Defendants deny that Celebrex® was defective or unreasonably dangerous and deny the remaining allegations contained in this paragraph.

91.    Answering Paragraph 91, Answering Defendants deny the allegations contained in this paragraph.

**ANSWERING:**
**COUNT III:**
**STRICT PRODUCTS LIABILITY/FAILURE TO WARN**

92.    Answering Paragraph 92, Answering Defendants incorporate their responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

93.    Answering Paragraph 93, Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

27

94.     Answering Paragraph 94, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and therefore deny the same.

95.     Answering Paragraph 95, Answering Defendants are without sufficient information or knowledge to admit or deny the allegations contained in this paragraph, and therefore deny the same. Answering Defendants deny that Celebrex® was defective and deny the remaining allegations contained in this paragraph.

96.     Paragraph 96 contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants admit that they had duties as are imposed by law. Except as admitted herein, Answering Defendants deny the remaining allegations contained in this paragraph.

97.     Answering Paragraph 97, Answering Defendants deny the allegations contained in this paragraph.

98.     Paragraph 98 contains legal conclusions to which no answer is required. To the extent an answer is required, Answering Defendants admit that they had duties as are imposed by law. Answering Defendants deny the remaining allegations of Paragraph 98.

99.   Answering Paragraph 99, Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

100.   Answering Paragraph 100, Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

101.   Answering Paragraph 101, Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

102.   Answering Paragraph 102, Answering Defendants deny the allegations contained in this paragraph.

**ANSWERING:**
**COUNT IV:**
**BREACH OF EXPRESS WARRANTY OF MERCHANTABILITY**

29

103. Answering Paragraph 103, Answering Defendants incorporate their responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

104. Answering Paragraph 104, Answering Defendants deny the allegations contained in this paragraph.

105. Answering Paragraph 105, Answering Defendants deny the allegations contained in this paragraph.

106. Answering Paragraph 106, Answering Defendants deny the allegations contained in this paragraph.

107. Answering Paragraph 107, Answering Defendants deny the allegations contained in this paragraph.

108. Answering Paragraph 108, Answering Defendants deny the allegations contained in this paragraph.

109. Answering Paragraph 109, no response is required to this paragraph. To the extent a response is deemed required, Answering Defendants deny the allegations contained in this paragraph.

### ANSWERING:
### COUNT V:
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

110. Answering Paragraph 110, Answering Defendants incorporate their responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

30

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants deny the allegations contained in this paragraph.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants deny the allegations contained in this paragraph.

113. Answering Paragraph 113, Answering Defendants admit that Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed and distributed Celebrex® in the United States. Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that Pfizer has marketed and co-promoted Celebrex® at certain times in the United States. Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

114. Answering Paragraph 114, Answering Defendants are without sufficient information to admit or deny the allegations contained in this paragraph regarding Plaintiff's use of Celebrex®, and therefore deny the same. Answering Defendants state that Celebrex® was and is safe and effective when used in

31

accordance with its FDA-approved prescribing information. Except as stated herein, Answering Defendants deny the remaining allegations contained therein.

115. Answering Paragraph 115, Answering Defendants deny the allegations contained in this paragraph.

116. Answering Paragraph 116, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as stated herein, Answering Defendants deny the allegations contained in this paragraph and all subparts thereto.

117. Answering Paragraph 117, Answering Defendants deny the allegations contained in this paragraph.

118. Answering Paragraph 118, Answering Defendants deny the allegations contained in this paragraph.

119. Answering Paragraph 119, Answering Defendants deny the allegations contained in this paragraph.

120. Answering Paragraph 120, Answering Defendants deny the allegations contained in this paragraph.

B MJA 706923 v1
2902026-000045 04/10/2006

121. Answering Paragraph 121, Answering Defendants deny the allegations contained in this paragraph.

## ANSWERING:
## COUNT VI:
## FRAUD

122. Answering Paragraph 122, Answering Defendants incorporate their responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

123. Answering Paragraph 123, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Except as stated herein, Answering Defendants deny the allegations contained in this paragraph.

124. Answering Paragraph 124, Answering Defendants deny making any misrepresentations and deny the remaining allegations contained in this paragraph.

125. Answering Paragraph 125, Answering Defendants deny making any false misrepresentations and deny the remaining allegations contained in this paragraph.

33

126. Answering Paragraph 126, Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

127. Answering Paragraph 127, Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

128. Answering Paragraph 128, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph and all subparts thereto.

129. Answering Paragraph 129, Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

130. Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants admit that certain duties are imposed upon them by applicable law. Answering

34

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

131.  Answering Paragraph 131, Answering Defendants are without sufficient information to admit or deny the allegations contained in this paragraph regarding Plaintiff's use of Celebrex®, and therefore deny the same.  Answering Defendants deny making an misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

132.  Answering Paragraph 132, Answering Defendants deny making any misrepresentations and deny the remaining allegations contained in this paragraph.

133.  Answering Paragraph 133, Answering Defendants deny making any misrepresentations and deny the remaining allegations contained in this paragraph.

134.  Answering Paragraph 134, Answering Defendants deny the allegations contained in this paragraph.

135.  Answering Paragraph 135, Answering Defendants deny making any misrepresentations and deny the remaining allegations contained in this paragraph.

B MJA 706923 v1
2902026-000045 04/10/2006

136. Answering Paragraph 136, Answering Defendants deny the allegations contained in this paragraph.

**ANSWERING:**
**COUNT VII:**
**NEGLIGENT MISREPRESENTATION**

137. Answering Paragraph 137, Answering Defendants incorporate their responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

138. Answering Paragraph 138, Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

139. Answering Paragraph 139, Answering Defendants deny making any misrepresentations and deny the remaining allegations contained in this paragraph.

140. Answering Paragraph 140, Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

141. Answering Paragraph 141, Answering Defendants deny making any false representations and deny the remaining allegations contained in this paragraph.

36

142. Answering Paragraph 142, Answering Defendants deny making any misrepresentations or omissions and deny the remaining allegations contained in this paragraph.

143. Answering Paragraph 143, Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph and all subparts thereto.

144. Answering Paragraph 144, Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

145. Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is deemed required, Answering Defendants admit that certain duties are imposed upon them by applicable law. Answering Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Celebrex® were and are adequately

37

described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

146. Answering Paragraph 146, Answering Defendants are without sufficient information to admit or deny the allegations contained in this paragraph regarding Plaintiff's use of Celebrex®, and therefore deny the same. Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

147. Answering Paragraph 147, Answering Defendants deny making any misrepresentations and deny the remaining allegations contained in this paragraph.

148. Answering Paragraph 148, Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

149. Answering Paragraph 149, Answering Defendants deny making any misrepresentations or concealing information and deny the remaining allegations contained in this paragraph.

150. Answering Paragraph 150, Answering Defendants deny the allegations contained in this paragraph.

B MJA 706923 v1
2902026-000045 04/10/2006

151. Answering Paragraph 151, Answering Defendants deny the allegations contained in this paragraph.

## ANSWERING:
## DEMAND FOR RELIEF

Answering Defendants deny that the Plaintiff is entitled to any of the relief demanded in the unnumbered WHEREFORE clause.

## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Answering Defendants in this matter. Answering Defendants therefore asset the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Answering Defendants will withdraw any of these defenses as may be appropriate.

1. Plaintiff's Complaint fails to state a claim against Answering Defendants upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations and/or repose or by the equitable doctrines of laches, waiver and estoppel.

3. Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Answering Defendants had no control or right to control and whose actions are not, therefore, imputable to Answering Defendants.

B MJA 706923 v1
2902026-000045 04/10/2006

4.    Answering Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff herein. Additionally, as a manufacturer and not a seller, Answering Defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between Plaintiff and Answering Defendants. If any such warranties were made, whether express or implied, which Answering Defendants specifically deny, then Plaintiff failed to give timely notice of any breach thereof as required under Ala. Code § 7-2-607.

5.    Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff or those acting at the direction or control of Plaintiff, whose contributory negligence or fault is sufficient to bar any recovery by Plaintiff.

6.    Plaintiff's injuries, if any, were due to an unforeseeable idiosyncratic reaction of Plaintiff, or by an unforeseeable disease or illness, unavoidable accident, or pre-existing and/or unrelated conditions, or natural courses of conditions of Plaintiff, and were independent of any conduct by Answering Defendants.

7.    Plaintiff failed to exercise reasonable care and diligence to mitigate injuries and damages, if any.

B MJA 706923 v1
2902026-000045 04/10/2006

8.      Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

9.      Celebrex® is safe when used as directed, was suitable for the purpose for which it was intended, was distributed with adequate and sufficient warnings and Answering Defendants reasonably assumed that their warnings would be read and heeded; therefore, Celebrex® is not and was not defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts § 402A, Comment j.

10.     As a prescription pharmaceutical, Celebrex® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration.  Accordingly, Plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution.

11.     Both Celebrex® and Answering Defendants' actions conformed to the state-of-the-art medical and scientific knowledge at all times relevant to this lawsuit and Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

12.     Plaintiff's claims are barred by assumption of the risk.

13.     Plaintiff's claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of the Restatement (Third) of Torts: Product Liability § 6, Comment f.

41

14.    Plaintiff's claims are barred in whole or in part by the "learned intermediary" doctrine.

15.    The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of U.S. Const. Amend. XIV; to wit, these Answering Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability.    Alabama's current laws regarding punitive damages do not serve a rational or legitimate state interest.

16.    Plaintiff's claims for punitive damages violate these Answering Defendants' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States of America and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

17.    Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to: *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).    Further, Plaintiff's claims for punitive damages are limited or barred by the standards governing

42

exemplary damages, which arise under the Constitution of Alabama, Alabama state statutes, and the decision of Alabama state courts.

18.   The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

19.   Plaintiff's claims are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

20.   If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Answering Defendants, and for whose conduct Answering Defendants are not responsible, or with whom Answering Defendants have no legal relation or legal duty to control.

21.   If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper handling, or other unforeseeable misuse of Celebrex® by persons other than Answering Defendants or persons acting on their behalf.

43

22.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

23.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Answering Defendants' rights under the United States Constitution.

24.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Answering Defendants' conduct.

25.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling packaging, and any advertising of Celebrex® complied with the applicable codes, standards and regulations established, adopted or promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

26.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

B MJA 706923 v1
2902026-000045 04/10/2006

27.    Plaintiff's claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

28.    Plaintiff's claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its respective risks.

29.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

30.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

31.    The liability of Answering Defendants, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined. Answering Defendants seek an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

32.    Answering Defendants are entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

33.    Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §

45

301 *et. seq*., the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

34.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration (FDA) under the Federal Food, Drug and Cosmetic Act.

35.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

36.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated thereunder, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®. Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article IV, clause 2, and the laws of the United States.

37.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Answering Defendants and over whom Answering Defendants had no control and for whom Answering Defendants may not be held accountable.

38.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### JURY DEMAND

Answering Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Answering Defendants respectfully request that this action be dismissed with prejudice and that they be awarded their costs and any other forms of relief to which they may be entitled.

_____
Lawrence B. Clark
Jason Asbell

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Wachovia Tower
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile (205) 322-8007

47

### Certificate of Service

I hereby certify that on April 17, 2006, a copy of the foregoing was served upon all counsel of record by placing a copy of same in the United States Mail, postage prepaid:

Mr. Jere L. Beasley
Mr. Andy D. Birchfield, Jr.
Mr. Navan Ward, Jr.
Mr. Paul Sizemore
Mr. Gerald B. Taylor, Jr.
BEASLEY, ALLEN CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

Shane Seaborn
Myron Penn
Penn & Seaborn LLC
P.O. Box 688
Clayton, AL  36016


OF COUNSEL

48