FILED
2006 Apr-25 PM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

MDL 1699

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2006

FILED
CLERK'S OFFICE

### DOCKET NO. 1699

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in 22 actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Northern District of California for inclusion in the Section 1407 proceedings occurring there in this docket.[1] Defendants[2] favor inclusion of these actions in MDL-1699 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Northern District of California. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending or anticipated motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Northern District of California was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Bextra and/or Celebrex as well as claims relating to the sales and marketing of these prescription medications. *See In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, 391 F.Supp.2d 1377 (J.P.M.L. 2005).

---

[*] Judge Hodges took no part in the decision of this matter.

[1] The Panel's order conditionally transferring the Kansas action also conditionally and simultaneously remanded claims in that action relating to a prescription drug in addition to Bextra.

[2] Pfizer Inc., Pharmacia Corp., and G.D. Searle, LLC.

IMAGED APR 1 2 2006

**OFFICIAL FILE COPY**



EXHIBIT B

- 2 -

Some opposing plaintiffs argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1699 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L.,199 F.R.D. at 436-38.

The Kansas plaintiff also argues that separation and simultaneous remand of claims relating to a different prescription medication may prejudice plaintiff because of a Kansas rule which requires that all claims be joined and tried in one action. We are unpersuaded by this argument. Since Section 1407 transfer is for pretrial proceedings only, plaintiff's Bextra claims, if unresolved in the transferee district during pretrial proceedings, will be remanded to the Kansas district for trial at the conclusion of those proceedings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED that claims in the District of Kansas action relating to the prescription medication Arthrotec are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the District of Kansas.

FOR THE PANEL:

John F. Keenan
Acting Chairman

## SCHEDULE A

### MDL-1699 -- In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation

#### District of Kansas

*Doris Storlien, etc. v. Joel Weigand, M.D., et al.*, C.A. No. 6:05-1283

#### Eastern District of Kentucky

*Teresa Duff, et al. v. Pfizer, Inc., et al.*, C.A. No. 6:05-602

#### Western District of Kentucky

*Barry Jewell, et al. v. Pfizer, Inc., et al.*, C.A. No. 1:05-182
*Anna Matthews, et al. v. Pfizer, Inc.*, C.A. No. 3:05-701
*William Johnson, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-702
*Joseph Ruble v. Pfizer, Inc.*, C.A. No. 3:05-703
*Aileen Arnett, et al. v. Pfizer, Inc.*, C.A. No. 3:05-704
*Janet Knowland, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-705
*Christen Summers, et al. v. Pfizer Inc., et al.*, C.A. No. 3:05-706
*Edna Messinger, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-708
*Clyde H. Dodson, et al. v. Pfizer, Inc., et al.*, C.A. No. 3:05-709

#### Eastern District of Missouri

*Edward Spinaio v. G.D. Searle, LLC, et al.*, C.A. No. 4:05-1886
*Bruce Williams v. Pfizer Inc., et al.*, C.A. No. 4:05-1962
*Loretta Henke v. Monsanto Co., et al.*, C.A. No. 4:05-2095
*Fay D. Finley v. Monsanto Co., et al.*, C.A. No. 4:05-2098
*Marilyn Mattick v. Monsanto Co., et al.*, C.A. No. 4:05-2099
*Dale Lewis-Lockett v. Monsanto Co., et al.*, C.A. No. 4:05-2100
*Ervin L. Meek v. Monsanto Co., et al.*, C.A. No. 4:05-2101
*Erma Strange v. Monsanto Co., et al.*, C.A. No. 4:05-2164

#### Southern District of Mississippi

*Diane Odom, etc. v. Pharmacia Corp., et al.*, C.A. No. 2:05-2170

#### Eastern District of Texas

*George Carey, et al. v. Pfizer Inc., et al.*, C.A. No. 6:05-342

#### Southern District of Texas

*Betty Cruz, et al. v. Pfizer Inc., et al.*, C.A. No. 2:05-568