**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| HENRY C. MORRIS, an individual<br><br>Plaintiff,<br><br>v.<br><br>PFIZER INC., a Delaware Corporation; PHARMACIA CORPORATION, a Delaware Corporation; MONSANTO COMPANY, a Delaware Corporation; G.D. SEARLE, LLC, a Delaware Corporation; ROBERT VANDELUNE; SAMUEL KLEMENT; JAMIE PEACOCK; BEN MCCLURKIN; ROD MCWHORTER; and TIFFANY GUCKENBERY And fictitious Defendants A, B, C and D being those persons, firms or corporations whose actions, inactions, fraudulent suppression, fraud, scheme to defraud and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,<br><br>Defendants. | CIVIL ACTION NO:<br>Pending transfer to MDL-1699<br>(In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR A STAY PENDING TRANSFER TO MULTIDISTRICT LITIGATION PROCEEDING**

Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as "Monsanto

Company"), and Pfizer Inc. ("Pfizer") (collectively "Defendants") respectfully submit this reply in support of their Motion to Stay Pending Transfer to Multidistrict Litigation.

## I. INTRODUCTION

Federal courts in Alabama, including this Court, recently entered stays pending MDL transfer in cases involving the same issue of fraudulent joinder of non-diverse pharmaceutical representatives. *See Jackson v. Pfizer, Inc. et al.*, 2:05-cv-841-F (M.D. Ala., Dec. 5, 2005) (Walker, J.) (ordering that the case is stayed pending transfer to the MDL and "[a] ruling on Plaintiffs' Motion to Remand . . . is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding."); *Hall v. Pfizer, Inc., et al.*, 2:05-cv-00941-MEP-VPM (M.D. Ala., Nov. 21, 2005) (McPherson, J.) (ordering that the case is stayed pending transfer to the MDL and "[a] ruling on Plaintiffs' Motion to Remand . . . is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding."); *Beverly v. Pfizer Inc., et al.*, 2:05-cv-00542-M (S.D. Ala., Nov. 17, 2005) (Milling, J.) (ordering that the case is stayed pending transfer to the MDL and that "Plaintiff's Emergency Motion to Remand . . . will be considered if and when this action is remanded to this District."); *Thomas v. Pfizer Inc., et al.*, 2:05-cv-00824-MEF-SRW (M.D. Ala, Nov. 15, 2005) (Fuller, J.) (ordering that the

case is stayed pending transfer to the MDL and "[a] ruling on Plaintiffs' Motion to Remand . . . is WITHHELD pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding."); *Nelson v. Pfizer Inc., et al.,* CV-05-832-F (M.D. Ala., Oct. 20, 2005) (Fuller., J.) (ordering that "case is STAYED pending a final decision from the Panel on Multidistrict Litigation on transfer of this case to the multi-district litigation proceeding" and that "ruling on Plaintiffs' Motion to Remand … is WITHHELD pending a final decision from the Panel on Multidistrict Litigation…") (the above orders are collectively attached here as Exhibit A). Here too, this Court should enter a stay.

Nothing in Plaintiff's Opposition to Defendants' Motion to Stay undermines Defendants' showing that a stay, or deferral, of all proceedings is appropriate here pending the transfer of this case to *In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, MDL-1699. As explained below, Plaintiff's cited cases are either factually or legally distinguishable and Plaintiff ignores the numerous valid reasons why a stay is appropriate.

This case is one of hundreds of actions filed nationwide asserting products liability or marketing/sales practices claims against Defendants with respect to the prescription medication Celebrex®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407,

B MJA 709834 v1
2902026-000045 05/10/2006

establishing an MDL proceeding in the Northern District of California (MDL-1699) for such Celebrex® actions. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, No. 1691 *et al.*, 391 F. Supp. 2d 1377 (J.P.M.L. Sept. 6, 2005). The JPML has been notified about this case and it is expected to transfer to the MDL in due course. *See April 21, 2006 Letter to JPML*, attached hereto as Exhibit B.

As noted, numerous cases involving the fraudulent joinder of Alabama pharmaceutical representatives already have transferred to the MDL Court. *See Jackson v. Pfizer, Inc. et al.*, 2:05-cv-841-F (M.D. Ala., Dec. 5, 2005) (Walker, J.); *Hall v. Pfizer, Inc., et al.*, 2:05-cv-00941-MEP-VPM (M.D. Ala., Nov. 21, 2005) (McPherson, J.); *Beverly v. Pfizer Inc., et al.*, 2:05-cv-00542-M (S.D. Ala., Nov. 17, 2005) (Milling, J.); *Thomas v. Pfizer Inc., et al.*, 2:05-cv-00824-MEF-SRW (M.D. Ala, Nov. 15, 2005) (Fuller, J.); *Nelson v. Pfizer Inc., et al.*, CV-05-832-F (M.D. Ala., Oct. 20, 2005) (Fuller., J.). Accordingly, to conserve judicial resources and prevent inconsistent pretrial orders, Defendants request that this Court stay all proceedings in this case pending MDL transfer. This request will not result in any prejudice to Plaintiff, but will work "to the overall benefit of the parties" and the federal judiciary. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.*, No. 1691 *et al.*, 391 F. Supp. 2d at 1378 (discussing the efficiencies occasioned by the creation of MDL 1699).

## II. ARGUMENT

### A. Granting a Stay Advances the Goals of the MDL

Nothing in Plaintiff's Opposition undermines Defendants' showing that a stay of proceedings would advance the goals of the MDL. This case is expected to join the numerous other cases in which plaintiffs have named non-diverse pharmaceutical representatives as defendants in an effort to defeat diversity jurisdiction that have transferred to MDL-1699. *See, e.g.*, *Jackson v. Pfizer, Inc. et al.*, 2:05-cv-841-F (M.D. Ala. Dec. 5, 2005) (Walker, J.); *Hall v. Pfizer, Inc.*, *et al.*, 2:05-cv-00941-MEP-VPM (M.D. Ala., Nov. 21, 2005) (McPherson, J.); *Beverly v. Pfizer Inc., et al.*, 2:05-cv-00542-M (S.D. Ala., Nov. 17, 2005) (Milling, J.); *Thomas v. Pfizer Inc., et al.*, 2:05-cv-00824-MEF-SRW (M.D. Ala., Nov. 15, 2005) (Fuller, J.); *Nelson v. Pfizer Inc., et al.,* CV-05-832-F (M.D. Ala., Oct. 20, 2005) (Fuller., J.). Accordingly, the MDL Court is well-positioned to determine the jurisdictional issues raised in these cases in an efficient and uniform manner.

In addition to the *Jackson*, *Hall*, *Beverly*, *Thomas* and *Nelson* stays, numerous other Alabama federal courts have entered stays in similar circumstances. *See, e.g., Adams v. Bayer Corp.*, CV-03-U-2466-E, slip op. at 1 (N.D. Ala. Oct. 3, 2003) (Clemon, J.) ("[i]n light of the pending stay, this motion [to remand] is CARRIED WITH THE CASE" to the MDL); *Reeves v. Bayer Corp.*, CV-02-T-1402-N, slip op. at 1 (M.D. Ala. Feb. 7, 2003) (Thompson, J.)

("The Court being of the opinion that all pending matters should be left for resolution after MDL transfer, it is ORDERED that all proceedings in this case are stayed pending MDL transfer."); *Muscat v. Bayer Corp.*, CV-03-0506-CB-C, slip. op. at 2 (S.D. Ala. Jan. 14, 2003) (Butler, J.) (granting stay and holding that "the existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action") (collected at Exh. C).[1]

Granting a stay pending transfer to the MDL court promotes the efficient and uniform consideration of similar fraudulent joinder issues. The recent experiences in another product liability litigation are instructive in this regard. Following transfer of numerous different cases removed to the Middle District of Alabama involving the fraudulent joinder of pharmaceutical representatives to the Baycol MDL court, that MDL court issued a single opinion addressing various motions to remand. *See Andrews v. Bayer Corp. (In re Baycol Prods. Litig.)*, MDL No 1431 (Mar. 25, 2004) (denying motions to remand involving fraudulent joinder of pharmaceutical representatives under in Alabama law) (Exh. E). Prior to the MDL transfer, Judges Thompson and Fuller of this Court had stayed these actions, despite the plaintiffs' motions to remand and oppositions to the defendants'

[1] Likewise, in the VIOXX litigation, Alabama federal courts have stayed numerous cases despite pending motions to remand in which the issue of fraudulent joinder of sales representatives has been raised. *See, e.g., King v. Merck et al.*, CV-05-154-T, Middle District of Alabama; *James v. Merck, et al.*, CV-05-366-T, Middle District of Alabama. (Orders collectively attached as Exh. D).

motions to stay, recognizing that they presented similar remand-related issues which could be resolved by the MDL court after transfer. As noted, upon transfer, fraudulent joinder issues implicating Alabama law were considered by the MDL court, which issued a ruling applicable to all of those cases. By refraining from deciding the remand motions prior to transfer, the Alabama district courts furthered the goals of uniformity and efficiency by allowing the MDL court to address the issues presented consistently and efficiently. Here as well, the MDL Court should be permitted to determine pending remand motions in this and other cases in an efficient and uniform manner.

Numerous courts nationwide have granted stays in similar Celebrex® and Bextra® cases despite opposition by plaintiffs and pending remand motions and have recognized that deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *See* 28 U.S.C. § 1407; *see e.g., McFarland, et al v. Merck & Company, et al,* 2:03-cv-00247-KS-JMR (S.D. Miss., October 25, 2005); *Magee, et al v. Merck & Company, Inc., et al,* 2:03-cv-249 (S.D. Miss., October 25, 2005); *Carol Snowbarger v. Monsanto Company, et al,* No. 4:05-CV-1160 (CEJ) (E.D. Mo., Oct. 27, 2005) (Jackson, J.) (granting defendants' motion to stay all proceedings pending transfer to MDL and finding "pendency of a motion to remand does not preclude entering a stay in … potential

tag-along case if doing so would promote the interests of judicial economy and avoid inconsistent pretrial rulings."); *Frances D. Bangs v. Pharmacia Corp., et al.*, No. 4:05-CV-1604 (CEJ) (E.D. Mo., Oct. 26, 2005) (same); *J.C. Bunch v. Pharmacia Corp., et al.*, Case No. 4:05-CV-01605 ERW (E.D. Mo., Oct. 27, 2005) (Webber, J.) (granting stay and finding "Defendants' judicial economy argument persuasive" and concluding "that judicial economy weighs heavily in favor of granting the requested stay. Moreover, a stay will allow for consistent pretrial rulings and will converse judicial resources because only one court will need to make such rulings."); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997) (staying action pending transfer decision by MDL panel after finding that judicial resources would be conserved and defendant would not be prejudiced); (collected and attached here as Exhibit F).

Many courts have recognized that the best way to ensure that MDL proceedings achieve their statutory goals is to stay litigation pending transfer to the MDL court, including the consideration of motions to remand. *See, e.g., In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (affirming transfer of case by JPML where a motion to remand was pending); *Board of Trs. of Teachers' Retirement Sys. of Ill.* v. *Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) (staying case, including determination of plaintiff's motion to remand, pending JPML transfer decision, and stating "[h]aving one court rather than three decide complex jurisdictional

issues obviously saves judicial resources"). Indeed, "the general rule is to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL [court]." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001); *see also Nekritz v. Canary Capital Partners, LLC*, No. Civ. 03-5081, 2004 WL 1462035, at *5 (D.N.J. Jan 12, 2004) (granting stay and denying motion where defendants moved the MDL Panel to have cases transferred to a single district but it has not yet acted); *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003) (granting a stay pending the decision by the JPML to coordinate and consolidate the action).

In Alabama, because Plaintiff's counsel has repeatedly named sales representatives as defendants in an effort to avoid federal jurisdiction, Defendants have removed these cases on the basis of fraudulent joinder. These removals have been assigned to several different district court judges. It would not promote judicial efficiency to have different federal judges in Alabama repeatedly be faced with rulings on motions to remand as this litigation grows, rather than have the MDL court hear these motions and apply a uniform approach. Accordingly, it is appropriate for this Court to stay this case as well.[2]

[2] Numerous judges have followed this approach. *See, e.g., Asbury v Pfizer Inc.*, Case No. 4:05-CV-1602-CAS (E.D. Mo. Oct. 25, 2005); *Anthon v. Pfizer Inc.*, Case No. 4:05-CV-1752-CAS (E.D. Mo. Oct. 25, 2005); *Bruun v. Pfizer Inc.*, Case No. 4:05-CV-1644-CAS (E.D. Mo. Oct. 25, 2005); *Bowers v. Pfizer Inc.*, Case No. 4:05-CV-1302 (E.D. Mo. Oct. 5, 2005); *Cox v. Pfizer Inc.*, Case No. 4:05-CV-1620-CAS (E.D. Mo. Oct. 25, 2005); *Humphrey v.*

**B. Plaintiff's Arguments Against A Stay Are Without Merit**

Plaintiff's argument that this Court lacks jurisdiction to stay this case is without merit in light of the fact that district courts, including this Court, repeatedly stay cases as requested here. Plaintiff's assertion that Eleventh Circuit law requires this Court to consider Plaintiff's motion to remand before granting a stay is incorrect. *University of South Alabama v. The American Tobacco Company*, 168 F.3d 405 (11th Cir. 1999), cited by Plaintiff, did not address the court's ability to consider a motion to stay pending transfer of the action to an MDL court where a remand motion was pending. Rather, the Eleventh Circuit held that the court should not reach a complex issue of substantive state law involving the dismissal of the lawsuit before considering a motion to remand. *Id.* at 407-09. The most that can be argued on the basis of that case is that a court should not consider the merits of a case when it does not have jurisdiction. Granting a stay is not a consideration of the merits of the case. Instead, it is simply an action consistent with the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

---

*Pfizer Inc.*, Case No. 4:05-CV-1624-CAS (E.D. Mo. Oct. 25, 2005); *McCoy v. Pfizer Inc.*, Case No. 4:05-CV-1646-CAS (E.D. Mo. Oct. 24, 2005); *Anderson v. Pfizer Inc.*, Case No. 4:05-CV-1647-HEA (E.D. Mo. Oct. 25, 2005); *Backowski v. Pfizer Inc.*, Case No. 4:05-CV-1637-HEA (E.D. Mo. Oct. 25, 2005); *Caldera v. Pfizer Inc.*, Case No. 4:05-CV-1614-HEA (E.D. Mo. Oct. 25, 2005); *Cogle v. Pfizer Inc.*, Case No. 4:05-CV-1651-HEA (E.D. Mo. Oct. 25, 2005); *Harper v. Pfizer Inc.*, Case No. 4:05-CV-1607-HEA (E.D. Mo. Oct. 25, 2005); *Hurt v. Pfizer Inc.*, Case No. 4:05-CV-1625-HEA (E.D. Mo. Oct. 25, 2005); *Koester v. Pfizer Inc.*, Case No. 4:05-CV-1601-HEA (E.D. Mo. Oct. 25, 2005); *Lafoon v. Pfizer Inc.*, Case No. 4:05-CV – 1639-HEA (E.D. Mo. Oct. 25, 2005); *Stobbe v. Pfizer Inc.*, Case No. 4:05-CV-1649-HEA (E.D. Mo. Oct. 25, 2005); *Stutz v. Pfizer Inc.*, Case No. 4:05-CV-1661-HEA (E.D. Mo. Oct. 25, 2005); *Taylor v. Pfizer Inc.*, Case No. 4:05-CV-1656-HEA (E.D. Mo. Oct. 25, 2005); *Webb v. Pfizer Inc.*, Case No. 4:05-CV-1635-HEA (E.D. Mo. Oct. 25, 2005); *Whitlegde v. Pfizer Inc.*, Case No. 4:05-CV-1641-HEA (E.D. Mo. Oct. 25, 2005); *Ayers v. Pfizer Inc.*, Case No. 4:05-CV-1791 (E.D. Mo. Oct. 25, 2005).

for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Of course, this is consistent with the power Congress provided the JPML to order a case to be transferred despite the pendency of a jurisdictional objection. *See* 28 U.S.C. §1407; *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *see also Meyers v. Bayer A.G.*, 143 F. Supp. 2d 1044, 1047 (E.D. Wisc. 2001) ("in addition to [a court's] inherent power to stay the case, Congress has granted me statutory authority to issue a stay, because 28 U.S.C. § 1407 authorizes the JPML to order a case transferred despite the pendency of a jurisdictional objection.").

Likewise, none of the district court cases cited by Plaintiff are binding on this Court or provide a persuasive reason to deny Defendants' stay request here. The cases cited by Plaintiff generally acknowledge that courts regularly transfer cases to MDL proceedings, but that transfer was not appropriate under the particular facts before the court.[3] Further, the same district courts from which Plaintiff's citations stem have granted stays in other cases despite pending motions to remand. *See, e.g., Parsi v. Marsh v. McLennan Co., Inc.*, 2004 WL 1534181 (D.

[3] *Nicholas v. Prudential Ins. Co.*, 1997 U.S. Dist. Lexis 6579 (S.D. Ala. April 28, 1997)(noting that court would not stay action where defendant was seeking to remove case solely on basis that supplemental jurisdiction existed by virtue of the MDL and no claim of original jurisdiction was advanced); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042 (D. Kan. 1999)(declining to stay case where MDL consolidating claims had not yet been established); *Havens Protected "C" Clamps, Inc. v. Pilkington PLC*, 2000 WL 382027 (D. Kan. 2000)(denying "informal" request for stay because the motion to remand did not implicate issues common to other MDL cases.)

B MJA 709834 v1
2902026-000045 05/10/2006

Kan. 2004). (distinguishing *Aetna* and *Bellinder* and staying action despite pending motion to remand); *Muscat, supra.* Thus, for example, as noted above, Judge Butler in the Southern District of Alabama deferred ruling on a motion to remand and transferred the case to the Baycol MDL Court, finding that the jurisdictional issue of fraudulent joinder of a nondiverse physician defendant was an issues likely to arise again in the Baycol litigation. *See Muscat,, supra.* Thus, the court found that it was appropriate to stay the proceedings to promote judicial economy and efficiency.

In any event, Plaintiff provides no answer to Defendants' showing that even before creating MDL-1699 here, the JPML expressly instructed federal district judges with Celebrex® or Bextra®-related cases such as this, that *waiting* to rule on a pending motion to remand "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization." JPML Ltr. Re: MDL-1699-*In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig.* at 1 (J.P.M.L. May 13, 2005) (attached as Exhibit F to Motion for Stay). Now that the JPML has created MDL-1699, this admonition is even more compelling and directly applicable here where the fraudulent joinder issues

presented in Plaintiff's remand motion have arisen in other actions.[4] Additionally, Plaintiff's argument that this Court lacks jurisdiction to stay this case is without merit in light of the fact that district courts repeatedly stay cases as requested here.

Similarly, Plaintiff's reference to the *Manual for Complex Litigation* does nothing more than confirm that a federal transferor court "may," but certainly is not required to, consider motions to remand prior to MDL transfer. Defendants do not dispute that the Manual permits courts to consider motions to remand prior to MDL transfer. *Manual for Complex Litigation*, Fourth, § 20.131 (2004). Of course, JPML-1699 has also instructed that a pending motion to remand may be decided by the transferee judge. *See* Transfer Order, In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig., (J.P.M.L. April 12, 2006) and Conditional Transfer Order (CTO) CTO-3 ("Any pending or anticipated motions to remand to state court can be presented to and decided by the transferee judge"), collectively attached here as Exhibit G. Here, because this MDL is bound to consider the issues presented here in the numerous other Alabama cases involving legal and factual issues similar to those raised in Plaintiff's Motion to Remand, judicial economy and consistency weigh in favor of allowing the MDL Court to consider this Plaintiff's Motion along with those others.

---

[4] Notwithstanding Plaintiff's claim, Defendants' initial opposition to the creation of an MDL proceeding for certain kinds of cases does not alter the fact that the JPML has created MDL-1699 and that the purposes of that MDL will be advanced by staying proceedings in this case pending MDL transfer.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court stay all proceedings in this case pending transfer to the MDL-1699.

Respectfully submitted,

Lawrence B. Clark
M. Jason Asbell
*Attorneys for Defendants*

OF COUNSEL:

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
SouthTrust Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 10th day of May, 2006, I caused the foregoing to be filed via the CM/ECF system, which will automatically provide electronic notice to the following counsel of record:

Mr. Jere L. Beasley
Mr. Andy D. Birchfield, Jr.
Mr. Navan Ward, Jr.
Mr. Paul Sizemore
Mr. Gerald B. Taylor, Jr.
BEASLEY, ALLEN CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

Shane Seaborn
Myron Penn
Penn & Seaborn LLC
P.O. Box 688
Clayton, AL 36016

______________________________
OF COUNSEL

