FILED
2006 Apr-26 PM 09:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2005 Jun-06 AM 10:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
03 SEP 12 PM 1:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 18 2003

| | |
|---|---|
| GLADYS ADAMS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. CV-03-U-2466-E |
| BAYER AG; BAYER CORPORATION; | ) |
| BAYER PHARMACEUTICAL DIVISION; | ) (Pending Transfer to *In re Baycol Products* |
| GLAXOSMITHKLINE, INC./plc; | ) *Litigation*, MDL No. 1431 (D. Minn.)) |
| MONICA REID; TODD TRAWICK; | ) |
| DONALD HELLER; JERRY TOTTY; and | ) |
| FICTITIOUS DEFENDANTS A-F, | ) |
| Defendants. | ) |

GRANTED
_____ 9/17/03
JUDGE        DATE

## BAYER CORPORATION'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING

Defendant Bayer Corporation ("Bayer") respectfully moves the Court to stay all proceedings in this case pending transfer to the Multidistrict Litigation ("MDL") Court.

### INTRODUCTION

Since August 8, 2001, when Bayer voluntarily withdrew Baycol from the United States market, over 10,000 lawsuits alleging various Baycol-related injuries have been filed in federal and state courts across the country. Over 5,500 of those cases now are pending in federal court. On December 18, 2001, the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, issued an order ("Order") establishing an MDL in the District of Minnesota to coordinate or consolidate the federal Baycol lawsuits. *See In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378 (J.P.M.L. 2001). In addition to listing 36 cases to be initially transferred to the MDL court, the Order recognized that numerous additional "related federal court actions . . . will be treated as potential tag-along actions." *Id.* at 1378 n.1. Over 4,800 of the federal cases are already in the MDL; hundreds of others are in the process of being transferred.



IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MUSCAT and CHERRY LYNN MUSCAT, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 03-0506-CB-C |
| BAYER AG, et al., | ) |
| Defendants. | ) |

### ORDER

At issue in this matter is whether proceedings should be stayed pending a transfer decision by the Judicial Panel on Multidistrict Litigation (MDL Panel) and, if not, whether this action should be remanded to the state court from which it was removed. Defendants removed this action alleging diversity jurisdiction. Defendants subsequently notified this Court and the MDL Panel that this action was a potential tagalong action to an MDL matter pending in the District of Minnesota, *In re Baycol Products Liability Litigation*, MDL No. 1431. Shortly after removal, defendant Bayer filed a motion to stay all proceedings in this action pending transfer by the MDL Panel (doc. 5), and defendant Stephen Kahalley filed a motion to dismiss (doc. 6). Plaintiffs have filed an objection to the motion to stay (doc. 11), an opposition to the motion to dismiss (doc. 12) and a motion to remand (doc. 13).[1] For reasons discussed below, the Court finds that a stay is appropriate.

A district court has the authority to stay proceedings in cases pending before it. *Landis v.*

---

[1] The MDL Panel issued a conditional transfer order. Plaintiffs' objection to that order is currently under submission by the MDL Panel.

*North American Co.*, 299 U.S. 248 (1936); *CTI-Container Leasing Corp. v. Uiterwyk*, 685 F.2d 1284 (11th Cir. 1982). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 166. This authority extends to cases in which a transfer decision by the MDL Panel is pending.[2] *See, e.g., Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 424 (D.N.J. 2003). The existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action. *Moore v. Wyeth-Ayerst Laboratories*, 236 F.Supp.2d 509, 512 (D. Md. 2002).

A stay of proceedings in potential MDL cases is appropriate when it promotes judicial economy and efficiency. *Rivers v. Walt Disney Co.*, 908 F.Supp. 1358, 1360 (C.D. Cal. 1997). When jurisdictional issues are raised that may arise "in hundreds or even thousands of cases throughout the nation ... consistency as well as economy [are] ... served" by having those issues decided by a single court. *In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *accord In re Air Crash Disaster at Florida Everglades*, 368 F.Supp. 812 (J.P.M.L. 1973). Consequently, a stay is appropriate where the motion to remand raises issues that have been or are likely to be decided by the transferee court. *See, e.g., Gonzalez v. American Home Products Corp.*, 223 F.Supp.2d 803 (S.D. Tex. 2002) (granting motion to stay despite pending motion to remand because dispositive issue was probably common to other related MDL cases); *Moore*, 236 F.Supp.2d at 510-11 (granting motion to stay where transferee court had already decided similar motions to remand); *Medical Society of State of New York v.*

---

[2] The existence of a conditional transfer order does not divest the transferor court of jurisdiction, 18 U.S.C. § 1407; JPML Rule 1.5.

2

*Connecticut General Corp.*, 187 F.Supp.2d 89 (S.D.N.Y. 2001) (same); *but see Shields v. Bridgestone/Firestone, Inc.*, 232 F.Supp.2d 715 (E.D. Tex. 2002) (denying motion to stay and deciding motion to remand in case pending MDL transfer); *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804 (N.D. Cal. 1998) (same).

The jurisdictional issue in this case is whether defendant Kahalley, a physician, was fraudulently joined to defeat federal subject matter jurisdiction. Motions to remand involving fraudulent joinder of nondiverse physicians have been addressed by the transferor court at least twice.[3] *See In re Baycol Litigation*, Case Nos. 03-1173, 03-1174, 03-1175 (D. Minn. Sept. 4, 2003); *id.*, Case No. 02-4853 (D. Minn. May 27, 2003). As the instant case illustrates, it is an issue that is likely to arise again. Therefore, in the interest of judicial economy and to avoid inconsistent results, the motion to stay is hereby GRANTED. This stay will remain in effect until the Court is notified of the MDL Panel's decision as to whether to transfer this action.

DONE and ORDERED this the 14th day of January, 2004.

s/CHARLES R. BUTLER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] In all cases, plaintiffs allege that the defendant physician was negligent in prescribing the drug Baycol.

3

FILED

FEB 7 2003

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FRANCES D. REEVES, etc., et al., )
                                  )
    Plaintiffs,                   )
                                  )
    v.                            )   CIVIL ACTION NO. 02-T-1402-N
                                  )
BAYER AG, et al.,                 )
                                  )
    Defendants.                   )

ORDER

The court being of the opinion that all pending matters should be left for resolution after MDL transfer, it is ORDERED that all proceedings in this case are stayed pending MDL transfer.

DONE, this the 7th day of February, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FEB 21 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

MARY RICHARDSON, et al., )
　)
Plaintiffs, )
　)
v. ) CIVIL ACTION NO. 03-T-131-N
　)
BAYER CORPORATION, et al., )
　)
Defendants. )

ORDER

It is ORDERED that the motion to stay proceedings pending MDL transfer, filed by defendants on February 5, 2003 (Doc. No. 4), is granted.

DONE, this the 21st day of February, 2003.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

FILED
FEB 19 2003
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES ROGERS, et al.   )
                         )
    Plaintiffs,           )
                         )
v.                        )   CIVIL ACTION NO. 03-F-132-N
                         )
BAYER CORPORATION, et al., )
                         )
    Defendants.           )

**ORDER**

It is ORDERED that Bayer Corporation and Glaxosmithkline's Joint Motion to Stay Proceedings Pending Transfer to Multidistrict Proceeding (Doc. No. 4), filed on February 5, 2003, is GRANTED and that these proceedings are stayed pending MDL transfer.

DONE this _19th_ day of February, 2003.

MARK E. FULLER
UNITED STATES DISTRICT JUDGE.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED
MAR 10 2003
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

CLARENCE WHEELER, et al.,        )
    Plaintiffs,                  )
                                  )
v.                                )   CIVIL ACTION NO. 03-T-137-N
                                  )
BAYER CORPORATION, et al.,       )
    Defendants.                  )

ORDER

It is ORDERED that the motion to stay proceedings pending MDL transfer, filed by defendants Bayer Corporation, et al., on February 5, 2003 (Doc. No. 4), is granted and that this case is stayed pending MDL transfer.

DONE, this the 10TH day of March, 2003.

MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
FEB 18 2003
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

ALBERT WILLIAMS, et al.   )
                          )
        Plaintiffs,       )
                          )
v.                        )   CIVIL ACTION NO. 03-F-133-N
                          )
BAYER CORPORATION, et al.,)
                          )
        Defendants.       )

## ORDER

It is ORDERED that Bayer Corporation and Glaxosmithkline's Joint Motion to Stay Proceedings Pending Transfer to Multidistrict Proceeding (Doc. No. 4), filed on February 5, 2003, is GRANTED and that these proceedings are stayed pending MDL transfer.

DONE this 18th day of February, 2003.

MARK E. FULLER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
FEB 18 2003
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

WILLIE WOMACK, et al.              )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )   CIVIL ACTION NO. 03-F-135-N
                                    )
BAYER CORPORATION, et al.,          )
                                    )
    Defendants.                     )

## ORDER

It is ORDERED that Bayer Corporation and Glaxosmithkline's Joint Motion to Stay Proceedings Pending Transfer to Multidistrict Proceeding (Doc. No. 4), filed on February 5, 2003, is GRANTED and that these proceedings are stayed pending MDL transfer.

DONE this ___18th___ day of February, 2003.

MARK E. FULLER
UNITED STATES DISTRICT JUDGE

FILED

FEB 18 2003

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFREY WOODS, et al. )
)
Plaintiffs, )
)
v. ) CIVIL ACTION NO. 03-F-136-N
)
BAYER CORPORATION, et al., )
)
Defendants. )

### ORDER

It is ORDERED that Bayer Corporation and Glaxosmithkline's Joint Motion to Stay Proceedings Pending Transfer to Multidistrict Proceeding (Doc. No. 4), filed on February 5, 2003, is GRANTED and that these proceedings are stayed pending MDL transfer.

DONE this 18th day of February, 2003.

MARK E. FULLER
UNITED STATES DISTRICT JUDGE