Case 2:06-cv-00349-MEF-VPM   Document 13-7   Filed 05/10/2006   Page 1 of 15

Case 2:05-cv-00824-MEF-SRW   Document 21   Filed 11/04/2005   Page 2 of 18
CM/ECF LIVE - U.S. District Court: Mississippi Southern District                Page 1 of 2

FILED
2006 Apr-26 PM 09:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

**Orders on Motions**
2:03-cv-00247-KS-JMR McFarland, et al v. Merck & Company, Inc, et al

U.S. District Court

Southern District of Mississippi

RECEIVED
NOV - 1 2005

Notice of Electronic Filing

The following transaction was received from Regenold, Sheryal entered on 10/25/2005 at 10:56 AM CDT and filed on 10/25/2005
Case Name:     McFarland, et al v. Merck & Company, Inc, et al
Case Number:   2:03-cv-247
Filer:
Document Number:

Docket Text:
TEXT ONLY ORDER granting [73] Motion to Stay . No further written order will issue from the Court. Signed by Judge John M. Roper on October 25, 2005. (Regenold, Sheryal)

The following document(s) are associated with this transaction:

2:03-cv-247 Notice will be electronically mailed to:

Walter H. Boone     whboone@fpwk.com, akimbrow@fpwk.com

John Michael Coleman     mcoleman@cctb.com, plawson@cctb.com

Su-Lyn Combs     slcombs@spsalaw.com, slcombs@spsalaw.com

C. York Craig , Jr     ycraig@chldlaw.com, mstricklin@chldlaw.com

Richard M. Edmonson     redmonson@armstrongallen.com,

C. Edward Gibson , IV     cherry@cegibsonlawfirm.com,

Charles E. Gibson , III     cherry@cegibsonlawfirm.com,

Mary Jeanne Gibson     cherry@cegibsonlawfirm.com,

Shelby Duke Goza     hickman@hickmanlaw.com, sarav@hickmanlaw.com

Walter T. Johnson     wjohnson@watkinseager.com

Christy D. Jones     christy.jones@butlersnow.com, ingrid.maddox@butlersnow.com

Douglas Drew Malone     dmalone@armstrongallen.com,

EXHIBIT
F

https://ecf.mssd.circ5.dcn/cgi-bin/Dispatch.pl?105631446439698     10/25/2005

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## Southern District of Mississippi

Notice of Electronic Filing

The following transaction was received from Regenold, Sheryal entered on 10/25/2005 at 11:05 AM CDT and filed on 10/25/2005

**Case Name:**     Magee, et al v. Merck & Company, Inc, et al
**Case Number:**   2:03-cv-249
**Filer:**
**Document Number:**

**Docket Text:**
TEXT ONLY ORDER granting [157] Motion to Stay . No further written order will issue from the Court. Signed by Judge John M. Roper on October 25, 2005. (Regenold, Sheryal)

The following document(s) are associated with this transaction:

**2:03-cv-249 Notice will be electronically mailed to:**

Edward Blackmon , Jr    edblackmon@blackmonlawfirm.com

Stephen W. Burrow    sburrow@whsmpa.com, ewaltman@whsmpa.com

John Michael Coleman    mcoleman@cctb.com, plawson@cctb.com

Joseph R. Colingo    JRColingo@aol.com,

Su-Lyn Combs    slcombs@spsalaw.com, slcombs@spsalaw.com

C. York Craig , Jr    ycraig@chldlaw.com, mstricklin@chldlaw.com

Luke Dove    bethbailey1@aol.com, ldove81743@aol.com

Richard M. Edmonson    redmonson@armstrongallen.com,

Jessie L. Evans !    JEvans8627@aol.com, l_jessie@bellsouth.net

Wesley T. Evans    wesley9956@aol.com,

R. Allen Flowers    aflaw@aflowerslaw.net,

C. Edward Gibson , IV    cherry@cegibsonlawfirm.com,

Charles E. Gibson , III    cherry@cegibsonlawfirm.com,

Mary Jeanne Gibson    cherry@cegibsonlawfirm.com,

Shelby Duke Goza    hickman@hickmanlaw.com, sarav@hickmanlaw.com

Dudley Collier Graham , Jr    dcg@wisecarter.com, nht@wisecarter.com

Lawrence C. Gunn , Jr    larry@gunnand! hicks.com,

L. Carl Hagwood    chagwood@wilkins-law.com, bbrown@wilkins-law.com

Robert Mark Hodges    rmh@wisecarter.com, nb@wisecarter.com

Jesse Lee Howell , III    lhowell@cctb.com, bhester@cctb.com

John Fitzgerald Hughes    jhughes@wilkins-law.com, jfhughes_esq@hotmail.com;shughes@wilkins-law.com

Walter T. Johnson    wjohnson@watkinseager.com

Whitman B. Johnson , III    wjohnson@curriejohnson.com, kvance@curriejohnson.com

Christy D. Jones    christy.jones@butlersnow.com, ingrid.maddox@butlersnow.com

John (Jack) W. Land    jland@bnlawfirm.com,

Je! ffrey D. Leathers    jleathers@greerlawfirm.com, mkessinger@greerlawfirm.com

William O. Luckett , Jr    wol@lucketttyner.com, cpinkston@cableone.net,dhester@cableone.net

Douglas Drew Malone    dmalone@armstrongallen.com,

Andrew G. McCullough    amccullough@markowwalker.com,

Joseph L. McNamara    jmcnamara@cctb.com, plawson@cctb.com

Shelby Kirk Milam    kmilam@hickmanlaw.com, sarav@hickmanlaw.com

Anita K. Modak-Truran    anita.modak-truran@butlersnow.com, joy.jordan@butlersnow.com

Eugene R. Naylor    ern@wis! ecarter.com, nht@wisecarter.com

Diane V. Pradat    dpradat@wilkins-law.com, shughes@wilkins-law.com

Robert F. Stacy , Jr    rstacy@danielcoker.com, jtatum@danielcoker.com,ethweatt@danielcoker.com

Joseph Jason Stroble    jstroble@watkinseager.com

Senith C. Tipton    stipton@wilkins-law.com, swallace@wilkins-law.com

Robert M. Tyner , Jr    rmt@lucketttyner.com, cplinkston@calbeone.net,dhester@cableone.com

Chris J. Walker    cwalker@markowwalker.com,

Juliette V. Wilson    jwilson@curriejohnson.com, randerson@curriejohnson.com

**2:03-cv-249 Notice will be delivered by other means to:**

Jay S. Ciaccio
WATKINS & EAGER
P. O. Box 650
Jackson, MS 39205-0650

Diana Dornan
COPELAND, COOK, TAYLOR & BUSH
P. O. Box 6020
Ridgeland, MS 39158-6020

Kari L. Foster
BUTLER, SNOW, O'MARA, STEVENS & CANNADA
P. O. Box 22567
Jackson, MS 39225-2567

Steven Todd Jeffreys
WISE, CARTER, CHILD & CARAWAY
P. O. Box 651
Jackson, MS 39205-0651

Jarret P. Nichols
THE GIBSON LAW FIRM
P. O. Box 3493
Jackson, MS 39207

Julian Dewayne Thomas
JULIAN DEWAYNE THOMAS, ATTORNEY
P. O. Box 65
502 South President St.
Jackson, MS 39205-0065

Lawrence Douglas Wade, Jr
CAMPBELL DELONG, LLP P.O. Box 1856
Greenville, MS 38702-1856

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CAROL SNOWBARGER,           )
                            )
         Plaintiff,         )
                            )
    vs.                     )    No. 4:05-CV-1660 (CEJ)
                            )
MONSANTO COMPANY, et al.,   )
                            )
         Defendants.        )

## ORDER

This matter is before the Court on the joint motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay this action pending transfer to the Northern District of California, pursuant to 28 U.S.C. § 1407. Plaintiff opposes the motion, contending that the Court must first address whether it has subject matter jurisdiction.[1]

Plaintiff brings a wrongful death action, alleging her husband died as a result of taking the prescription drug Celebrex. On September 6, 2005, the Judicial Panel on Multidistrict Litigation (the Panel) transferred 31 civil actions to the United States District Court for the Northern District of California for pretrial proceedings, pursuant to 28 U.S.C. § 1407. *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation*, (MDL-1699), --- F. Supp. 2d ---, 2005 WL 2206577 (Jud.Pan.Mult.Lit. Sept. 6, 2005). The Panel noted that more than

---

[1] Plaintiff has filed a motion to remand to the Circuit Court of the City of St. Louis (Twenty-Second Judicial Circuit) from which it was removed. Plaintiff contends that defendant Monsanto Company is a citizen of Missouri and thus removal was improper. 28 U.S.C. § 1441(b) (action removable only if none of the properly joined defendants is a citizen of the state in which the action is brought).

100 potentially related actions were pending in multiple federal districts and would be treated as potential tag-along actions. Id. at *1 n.1.

The pendency of a motion to remand does not preclude entering a stay in this potential tag-along case if doing so would promote the interests of judicial economy and avoid inconsistent pretrial rulings. Indeed, prior to the creation of MDL-1699, the Panel suggested to federal district judges with Bextra- or Celebrex-related cases included in the initial MDL applications that staying consideration of pending remand motions "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there." *In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig,* (letter) (Jud.Pan.Mult.Lit. May 13, 2005).

The Court determines that a stay in this matter will meet the interests of judicial economy and uniformity.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay all proceedings pending transfer to the Northern District of California [#1] is **granted**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2005.

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRANCES D. BANGS,                )
                                 )
            Plaintiff,           )
                                 )
     vs.                         )    No. 4:05-CV-1604 (CEJ)
                                 )
PHARMACIA CORPORATION, et al.,   )
                                 )
            Defendants.          )

### ORDER

This matter is before the Court on the joint motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay this action pending transfer to the Northern District of California, pursuant to 28 U.S.C. § 1407. Plaintiff opposes the motion, contending that the Court must first address whether it has subject matter jurisdiction.[1]

Plaintiff seeks damages for injuries she alleges she sustained as a result of taking the prescription drug Bextra. On September 6, 2005, the Judicial Panel on Multidistrict Litigation (the Panel) transferred 31 civil actions to the United States District Court for the Northern District of California for pretrial proceedings, pursuant to 28 U.S.C. § 1407. _In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation_, (MDL-1699), --- F. Supp. 2d ---, 2005 WL 2206577 (Jud.Pan.Mult.Lit. Sept. 6, 2005). The Panel noted that more than 100 potentially related actions were

---

[1] Plaintiff has filed a motion to remand to the Circuit Court of the City of St. Louis (Twenty-Second Judicial Circuit) from which it was removed. Plaintiff contends that defendant Monsanto Company is a citizen of Missouri and thus removal was improper. 28 U.S.C. § 1441(b) (action removable only if none of the properly joined defendants is a citizen of the state in which the action is brought).

pending in multiple federal districts and would be treated as potential tag-along actions. Id. at *1 n.1.

The pendency of a motion to remand does not preclude entering a stay in this potential tag-along case if doing so would promote the interests of judicial economy and avoid inconsistent pretrial rulings. Indeed, prior to the creation of MDL-1699, the Panel suggested to federal district judges with Bextra- or Celebrex-related cases included in the initial MDL applications that staying consideration of pending remand motions "may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there." In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig, (letter) (Jud.Pan.Mult.Lit. May 13, 2005).

The Court determines that a stay in this matter will meet the interests of judicial economy and uniformity.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, to stay all proceedings pending transfer to the Northern District of California [#6] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2005.

- 2 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.C. BUNCH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:05CV01605 ERW |
| PHARMACIA CORP. et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court upon Defendants' Motion to Stay [doc. #6]. This action is one of many cases recently filed in courts across the country concerning the prescription drugs Bextra and Celebrex. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order establishing an MDL proceeding in the Northern District of California. *See In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig., No. 1691 et al.*, 2005 WL 2206577 (J.P.M.L. Sept. 6, 2005). Defendants state that they intend to notify the JPML that this case is a potential "tag-along" action to be transferred to the MDL for coordinated and consolidated pretrial proceedings. Defendants argue that this Court should stay all proceedings in this case pending MDL transfer in order to conserve judicial resources and prevent inconsistent pretrial orders. Plaintiffs oppose the request for a stay, arguing that this Court lacks jurisdiction over this case and that issuing a stay would be inappropriate.

A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power requires a court to exercise its "judgment, which must weigh competing

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

interests and maintain an even balance." *Id.* A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. *See Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Id.*

In their Motion, Defendants request that the Court stay all proceedings in this action pending resolution of Defendants' request that this case be transferred to the MDL. In support of the Motion, Defendants argue that a stay will assist the designated MDL court in achieving its purpose of conserving judicial resources, ensuring uniform decisions on pretrial matters, and avoiding duplicative and costly burdens on the litigants. Defendants contend that the existence of a pending motion to remand does not affect the propriety of staying this case pending transfer to the MDL. Plaintiff opposes the Motion. According to Plaintiff, the Court should rule on the pending motion to remand before ruling on Defendants' motion to stay. Plaintiff argues that this Court is in the best position to decide the jurisdictional issue and that no benefit will inure to either party by leaving the issue to be decided by the MDL court.

The Court first considers judicial economy interests. According to Defendants, in addition to the hundreds of Bextra and Celebrex cases filed in courts throughout the country, there are now more than 64 such cases pending in this District Court. Defendants state that each of these cases involves a jurisdictional issue virtually identical to the jurisdictional issue in this case. Defendants contend that allowing a single MDL court to decide the jurisdictional issue will ensure uniformity and conserve judicial resources. Plaintiff points out that the MDL rules specifically authorize the Court to rule on a pending motion to remand and argues that, if the motion to remand is granted, no further federal resources will be expended on this case. After considering the arguments made by the parties, the Court concludes that the judicial economy factor weighs in favor of staying this action.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Importantly, the MDL court hearing the coordinated cases will decide many of the same issues this Court would examine with regard to the parties' jurisdictional dispute. Although Plaintiff is correct in pointing out that the Court does have the power to decide the disputed jurisdictional issue, the Court finds Defendants' judicial economy argument persuasive and concludes that judicial economy weighs heavily in favor of granting the requested stay. Moreover, a stay will allow for consistent pretrial rulings and will conserve judicial resources because only one court will need to make such rulings.

The Court also considers the resulting prejudice to the parties. Plaintiff indicates that a stay will cause prejudice because it will delay the opportunity for recovery. The Court concludes that, although Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests described above. Moreover, both parties will benefit from coordinated pretrial management. Therefore, Defendants' Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay [doc. #6] is **GRANTED**.

Dated this 27th day of October, 2005.

*[signature]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Westlaw.

980 F.Supp. 1358                                                                                               Page 1
980 F.Supp. 1358, 72 Empl. Prac. Dec. P 45,091
(Cite as: 980 F.Supp. 1358)

C

Motions, Pleadings and Filings

United States District Court,
C.D. California.
Shirley RIVERS, et al., Plaintiffs,
v.
The WALT DISNEY COMPANY, Defendant.
No. CV-97-1499-AAH(VAPx).

Aug. 11, 1997.

Employees brought putative class action race discrimination suit against employer and sought to stay pretrial proceedings pending decision by Judicial Panel on Multidistrict Litigation (JPML) seeking transfer and consolidation of this case with other employment discrimination actions against employer. The District Court, Hauk, J., held that stay was warranted as it would serve interests of judicial economy and would not prejudice employer.

Granted.

West Headnotes

[1] Action 69(5)
13k69(5) Most Cited Cases
Stay of pretrial proceedings pending decision by Judicial Panel on Multidistrict Litigation (JPML) seeking transfer and consolidation of this case with other employment discrimination actions against employer was warranted in putative class action race discrimination suit against employer, as stay would serve interests of judicial economy and would not prejudice employer.

[2] Action 68
13k68 Most Cited Cases
Whether or not to grant stay of pretrial proceedings is within court's discretion, and stay is appropriate when it serves interests of judicial economy and efficiency.

[3] Action 68
13k68 Most Cited Cases
When considering motion to stay pretrial proceedings, district court should consider potential prejudice to nonmoving party, hardship and inequity to moving party if action is not stayed, and judicial resources that would be saved by avoiding duplicative litigation if cases are in fact consolidated.
*1359 Lionel Z. Glancy and Peter A. Binkow, Law Offices of Lionel Z. Glancy, Los Angeles, CA and Stuart D. Wechsler and Richard B. Brualdi, Wechsler, Harwood, Halebian & Feffer, LLP, New York City, for Plaintiffs.

Peter L. Haviland, Kaye, Scholer, Fierman, Hays & Handler, LLP, Los Angeles, CA, for Defendant.

ORDER GRANTING PLAINTIFFS' MOTION TO STAY THIS ACTION PENDING DECISION IN MDL
PROCEEDINGS

HAUK, District Judge.

INTRODUCTION

The instant case, hereinafter referred to as *Rivers I*, is a putative "across-the-board" class action race discrimination lawsuit brought by four Walt Disney World Company ("Disney World") employees against the Walt Disney Company ("Disney"). Plaintiffs assert in their complaint that Defendant has a pattern and practice of failing to promote African-American employees to supervisorial positions within certain Disney departments. Four other employment discrimination suits have been filed against Disney and/or Disney World in the Middle District of Florida. [FN1]

 FN1. The four cases filed in the Middle District of Florida are: *Rivers v. The Walt Disney World Company*, 97-367-Civ.-Orl.-22 ("*Rivers II*"); *Murdock v. The Walt Disney World Company and The Walt Disney Company*, 97-368-Civ.-Orl.-18 ("*Murdock*"); *Hightower v. The Walt Disney World Company*, 97-661-Civ.-Orl.-18 ("*Hightower*"); and *Reyes v. The Walt Disney World Company*, 97-345-Civ.-Orl.-18 ("*Reyes*").

[1] On June 9, 1997, this Court denied Plaintiffs' motion for voluntary dismissal after concluding that Plaintiffs' counsel *may have been* forum-shopping, or indeed judge-shopping. This Court has been informed that on June 27, 1997, pursuant to 28 U.S.C. § 1407, the plaintiffs in *Reyes*, the putative Latino class action lawsuit cited in footnote 1, *supra*,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

980 F.Supp. 1358                                                                                           Page 2
980 F.Supp. 1358, 72 Empl. Prac. Dec. P 45,091
(Cite as: 980 F.Supp. 1358)

filed a motion with the Judicial Panel on Multidistrict Litigation ("MDL Panel" or "JPML") seeking transfer and consolidation of *Rivers I, Rivers II, Murdock, Hightower,* and *Reyes.* [FN2] Plaintiffs now move this Court for a stay of pretrial proceedings pending a decision by the MDL Panel. In the alternative, if this Court does not stay all proceedings pending a MDL Panel decision, Plaintiffs request an extension of time for class certification discovery and additional time in which to be required to file a motion for certification.

> FN2. Plaintiffs in our case have filed a Joint Response with the MDL Panel which supports the *Reyes* Plaintiffs' Motion To Transfer And Consolidate. (Def's Opp'n, Brenner Decl., Ex. 5 at 1.)

Defendant asserts that Plaintiffs' motion to stay is just another attempt by Plaintiffs to judge shop. It is Defendant's belief that the motion for multidistrict consolidation pending before the MDL Panel, which Plaintiffs joined, is an attempt to have the instant case transferred from this Court in the hope that a more pro-Plaintiff jurist would be assigned the consolidated cases. Therefore, according to Defendant, this Court should deny Plaintiffs' motion to stay all pretrial proceedings pending a MDL Panel decision and order.

*1360 Defendant further complains that Plaintiffs have been dilatory in their discovery requests regarding class certification. Thus, according to Defendant, Plaintiffs' additional request for an extension of time to conduct class certification discovery should also be denied since such an order would reward rather than punish Plaintiffs for failing to conduct discovery in a timely manner.

## DISCUSSION
### I. Motion To Stay

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *see also Gold v. Johns-Manville Sales Corp.,* 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 254-55, 57 S.Ct. at 166.

[2] In the instant case, Plaintiffs have moved for a stay of proceedings pending the motion filed with the MDL Panel. Rule 18 of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation. *See* Manual For Complex Litigation, Third, at 252 (1995). Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency. *Weisman v. Southeast Hotel Prop. Ltd. Partnership,* 1992 WL 131080, at *6 (S.D.N.Y.1992) (citing Wright, Miller & Cooper, Federal Practice and Procedure § 3866 (1986)).

[3] When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See American Seafood v. Magnolia Processing, Inc.,* 1992 WL 102762, at *1-2 (E.D.Penn.1992).

Defendant has not argued that it would be prejudiced if this Court granted Plaintiffs' motion to stay. On the other hand, Plaintiffs have similarly failed to argue that it would be unduly burdensome for Plaintiffs to have to proceed with pretrial matters in this case pending the outcome of the MDL Panel proceedings. [FN3] The only issue that has been brought to this Court's attention is the fact that judicial resources could potentially be saved if the instant action is stayed.

> FN3. Plaintiffs have only argued that because of Disney's failure to "produce a single document or answer a single interrogatory," it is ridiculous to assume that Plaintiffs can go forward with class certification at this time. (*See* Reply Memo.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

980 F.Supp. 1358                                                                                                    Page 3
980 F.Supp. 1358, 72 Empl. Prac. Dec. P 45,091
(Cite as: 980 F.Supp. 1358)

at 6, n. 3.) This does not address the issue as to whether a stay of proceedings should be ordered, but instead merely establishes that the parties may not have been cooperating during the early discovery phase of this case. Additionally, if this Court retains jurisdiction over this matter it would be wise for the parties to consider the letter and spirit of the federal rules regarding discovery and engage in open, cooperative, meaningful and efficient discovery practices.

There are two ways in which judicial resources could be conserved by staying this matter. First, if this case is consolidated with the other cases in Florida and this Court is not assigned by the MDL Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And second, any efforts on behalf of this *1361 Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the Disney cases in this Court. Therefore, there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision.

In addition, even if this Court denied Plaintiffs' motion to stay, ruled upon more substantive motions, such as class certification, and then the matter was transferred to another court, there are no guarantees that an order by this Court would not later be vacated and this Court's investment of time and resources would not have been in vain. Although transferee judges should generally respect any orders of a transferor judge as "law of the case,"  [FN4] transferee judges have been known to vacate or modify previous rulings of the transferor judge. See *In re Exterior Siding & Alum. Coil Litig.*, 538 F.Supp. 45, 47-8 (D.Minn.1982) (transferee court granting class certification even though a motion for certification had already been denied by the transferor court); *In re Upjohn Co. Antibiotic Cleocin Prod. Liab. Litig.*, 81 F.R.D. 482, 486-87 (E.D.Mich.1979) (holding that the transferee court may vacate or modify any orders entered by another court). In other words, this Court could go forward with issues related to class certification at this time, but the time and energy that this Court would devote to any rulings it might make regarding certification could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders.

> FN4. The Supreme Court has defined "law of the case" as a doctrine which stands for the principle that "a decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983).

Defendant argues, however, that a stay is unwarranted. It contends that Plaintiffs are not interested in conserving judicial resources, but are instead only interested in finding the most favorable forum for this lawsuit. (Def's Opp'n at 5-6.) Apparently, Defendant perceives the instant motion as an attempt by Plaintiffs to prevent this Court from ruling upon upcoming potentially dispositive motions that might affect the viability of Plaintiffs' claims before the MDL Panel acts. However, no such substantive preliminary motions have been filed with this Court and the parties have not indicated that such motions are imminently forthcoming. Moreover, while Defendant convinced this Court at the June 9, 1997 hearing that Plaintiffs *may have been* forum shopping, merely repeating these allegations is not a compelling argument for the purposes of the instant motion.

Furthermore, Defendant has not argued that a stay of proceedings in this case would not conserve judicial resources. Defendant has only argued that in some instances a trial judge did not stay proceedings while a motion to transfer and consolidate was pending with the MDL Panel. In one of those cases, *Weisman v. Southeast Hotel Prop. Ltd. Partnership*, the district court denied a motion to stay pretrial proceedings because it believed it was necessary to resolve a basic jurisdictional issue at the outset of the litigation. *Weisman*, 1992 WL 131080, at *6-8. Instead of staying the proceedings, the Court held that venue was more conveniently found in another forum and then transferred the entire matter to that forum. *Id.* Thus, the judge in *Weisman* conserved his own Chambers' limited resources by denying the motion to stay and transferring the case to another forum. In the instant case, this Court does not need to resolve fundamental jurisdictional issues such as proper venue. If this case is not stayed, preliminary proceedings would continue as required by the Central District Local Rules and this Court would need to monitor discovery and approve a case management plan in a potentially massive race discrimination action against one of this country's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

980 F.Supp. 1358                                                                                           Page 4
980 F.Supp. 1358, 72 Empl. Prac. Dec. P 45,091
(Cite as: 980 F.Supp. 1358)

biggest and most well-known employers. Taking on such a task at this time would seem to unnecessarily consume judicial time and energy.

Defendant also cites to *Villarreal v. Chrysler Corp.,* 1996 WL 116832 (N.D.Cal.1996), in opposition to Plaintiffs' motion to stay. In that case, the court did not stay preliminary pretrial proceedings because judicial economy *1362 was best served by first considering jurisdictional issues. *Id.* at * 1. The court then remanded the action to state court holding that it did not have subject matter jurisdiction over the case. *Id.* at *3-4. Again, as was the case with *Weisman,* the instant matter is distinguishable because this court does not first need to resolve any basic jurisdictional issues that would allow it the opportunity to transfer this action to a more proper forum.

Moreover, it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved. *See American Seafood,* 1992 WL 102762, at *6 (citing *Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* 1991 WL 13725 (D.N.J.1991)); *Portnoy v. Zenith Laboratories,* 1987 WL 10236, at *1 (D.D.C.1987).

Therefore, since it would serve the interests of judicial economy and because there is no evidence that it would prejudice Defendant, it is appropriate for this Court to grant Plaintiffs' motion to stay pending a MDL Panel decision regarding consolidation. [FN5]

> FN5. In fact, even if a temporary stay could be characterized as a delay that would be prejudicial to Defendant, there are still considerations of judicial economy that outweigh any prejudice to Defendant. *See Egon v. Del-Val Fin. Corp.,* 1991 WL 13726, at *1, 1991 U.S. Dist. LEXIS 1420, at *2 (N.J.1991). In addition, this Court has been informed that any delay would indeed be temporary since the MDL Panel will hear the Motion To Transfer And Consolidate on September 19.

**II. *Motion For Extension Of Class Certification Deadlines***

Plaintiffs have also brought a motion for an extension of the cut-off date for discovery regarding class certification, and for an extension of time in which to have to file a motion for class certification. Since this Court has concluded that a stay of these proceedings is warranted, this issue is now moot. Once the MDL Panel consolidates the cases, or if it denies the motion to transfer and consolidate and *Rivers I* remains in this Court, new discovery cut-off dates will then be set by this Court or by the Judge to whom the consolidated litigation is assigned.

CONCLUSION AND ORDER

This Court, having duly considered Plaintiffs' Motions, exhibits attached thereto, Defendant's Opposition and exhibits attached thereto, the oral arguments at the August 11, 1997 hearing regarding this case, as well as all other pleadings related to this action, HEREBY ORDERS THAT:
 (1) Plaintiffs' Motion To Stay This Action Pending Decision In MDL Proceedings is GRANTED and this case is stayed in its entirety;
 (2) Plaintiffs' Motions For An Extension Of Time To Conduct Class Discovery And To Move For Class Certification are MOOT; and
 (3) The Clerk of the Court shall serve a copy of this Order on all counsel of record.

SO ORDERED.

Motions, Pleadings and Filings (Back to top)

•        2:97CV01499        (Docket) (Mar. 07, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.