IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DR. GENE N. GORDON,<br>Plaintiff, | *<br>*<br>* |
| vs. | *   CIVIL NO.<br>* |
| PFIZER INC., a Delaware Corporation;<br>PHARMACIA CORPORATION,<br>a Delaware Corporation; MONSANTO<br>COMPANY, a Delaware Corporation;<br>G.D. SEARLE, LLC, a Delaware<br>Corporation; ROD POLLARD,<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>* |

**MOTION FOR EXPEDITED RULING ON MOTION FOR REMAND**

Plaintiff, Dr. Gene N. Gordon, has before this Court a motion for remand. Plaintiff Gordon respectfully requests this Court to rule on the pending remand motion expeditiously. In support of this request, Plaintiff Gordon states as follows:

1. Plaintiff Gordon learned for the first time on April 25, 2006, that Defendants submitted a tag-along notice to the Joint Panel on Multidistrict Litigation ("JPML") on or about April 11, 2006[1]. (See Exhibit "A" attached hereto.) The JPML has not, as of this date, submitted the case as part of a Schedule Conditional Transfer Order ("CTO") for ultimate transfer to the Bextra/Celebrex Multidistrict Litigation ("MDL"), which is pending in the United States District Court for the Northern District of California. This case will likely be part of an upcoming JPML Schedule CTO. As such, transfer to the MDL is imminent, unless this Court rules upon the remand motion promptly.

---

[1] Apparently, Defendant does not customarily forward the tag-along notice to Plaintiff's counsel. Instead, Plaintiff first learns of the tag-along when it was attached to the Defendant's Memorandum Brief in Opposition to Plaintiff's Motion to Remand filed on April 25, 2006.

2. It is well-established that the federal court in which a remand motion is pending is in a far better position to determine the merits of that remand motion and brief than the MDL court. As the Hon. William R. Wilson, federal district judge presiding over the hormone therapy MDL proceedings in Arkansas has stated: "Having been in the position of both an MDL court in this case and a transferor court in other case, I believe the issue of remand is better addressed by the transferor court."[2] (See Exhibit "B", n. 6, attached hereto.) As set forth in more detail in Plaintiff's Opposition to Removing Defendants' Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation, the precedence of the United States Court of Appeals for the Eleventh Circuit and other federal jurisdictions mandates that remand issues be decided promptly, in that subject matter jurisdiction issues directly involve whether the federal courts have the authority to proceed over pending matters before it.[3] To comply with the precedential authority and to avoid transfer of this cause of action, which will undoubtedly be lost in the process with several hundred other cases and the resolution of remand greatly delayed, Plaintiff Gordon respectfully requests the Court to rule on the pending Motion to Remand as soon as possible. However, if the Court determines that a hearing on the Motion to Remand will be beneficial to deciding this issue, Plaintiff is prepared to participate in such a hearing.

3. Because this Court lacks subject matter jurisdiction, as set forth in more detail in the Motion to Remand, as amended, this case is due to be remanded to the Circuit Court of Talladega County, Alabama. Any delay in ruling on the Motion to Remand will

---

[2] *Accord Hobbs v. Wyeth, et al.*, 3:04-CV-176 (E.D. Ark.) (Order of United States District Court Judge Thomas Eisele) (Doc. No. 12), referenced in Judge Wilson's Order (Exhibit "B".)

[3] See the authority cited and explained in Plaintiff's Opposition to Merck's Motion to Stay Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation.

certainly result in the unnecessary transfer of this case to the MDL. Therefore, plaintiff moves this Court for an expedited ruling on the pending Motion to Remand.

    Respectfully submitted this 3rd day of May, 2006.

                                    /s/Navan Ward, Jr.
                                    JERE L. BEASLEY (BEA020)
                                    ANDY D. BIRCHFIELD, JR. (BIR006)
                                    PAUL SIZEMORE (SIZ004)
                                    NAVAN WARD, JR. (WAR062)
                                    GERALD B. TAYLOR, JR. (TAY026)

                                    Attorneys for Plaintiff

**OF COUNSEL:**
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 telephone
(334) 954-7555 facsimile

PENN & SEABORN
Shane Seaborn
Post Office Box 668
Clayton, Alabama 36106

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by filing via the CM/ECF electronic filing system on this the 3rd day of May, 2006.

Lawrence B. Clark
M. Jason Asbell
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
SouthTrust Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama  35203

                                                  /s/NavanWard, . Jr.
                                                    OF COUNSEL