IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HENRY C. MORRIS, an Individual, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | CIVIL NO.  2:06 CV 349 M |
| | * | |
| PFIZER INC., a Delaware Corporation; | * | |
| PHARMACIA CORPORATION, | * | |
| a Delaware Corporation; MONSANTO | * | |
| COMPANY, a Delaware Corporation; | * | |
| G.D. SEARLE, LLC, a Delaware | * | |
| Corporation; ROBERT VANDELUNE; | * | |
| SAMUEL KLEMENT; JAMIE PEACOCK; | * | |
| BEN MCCLURKIN, ROD MCWHORTER; | * | |
| AND TIFFANY GUCKENBERY, | * | |
| | * | |
| **Defendants.** | * | |

PLAINTIFF'S REPLY BRIEF
IN SUPPORT OF MOTION TO REMAND

Because the Court does not have subject matter jurisdiction, Plaintiff respectfully urges the Court to grant the Motion to Remand this action to the Circuit Court of Barbour County, Alabama.  28 U.S.C. § 1447(c).

Plaintiff asserts valid claims under Alabama's Extended Manufacturer's Liability Doctrine (AEMLD), negligence, strict products liability, defect design and failure to warn, breach of express warranty, breach of implied warranty, fraud and negligent misrepresentation against each defendant – resident and non-resident alike.  Each party to this action is properly joined. The citizenship of the parties is not diverse as required by 28 U.S.C. § 1332.  Plaintiff is a resident of Alabama. (Compl. ¶ 2.)  Defendant G.D. Searle, LLC is an Illinois corporation with its principal place of business in Illinois.

1

(Compl. ¶ 3.)  Defendant Pharmacia Corporation is a Delaware corporation with its principle places of business in New Jersey.  (Compl. ¶ 4.)  Monsanto Company is a Delaware Corporation with its principle place of business in Missouri.  (Compl. ¶ 5.)  Defendant Pfizer, Inc. is a Delaware corporation with its principle place of business in New York. (Compl. ¶ 6.)  Defendant Robert Vandelune the sales representative for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., is a resident Alabama. (Compl. ¶¶ 7.) Defendant Samuel Klement the sales representative for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., is a resident Alabama. (Compl. ¶¶ 8.) Defendant Jamie Peacock the sales representative for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., is a resident Alabama. (Compl. ¶¶ 9.) Defendant Ben McClurkin the sales representative for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., is a resident Alabama. (Compl. ¶¶ 10.) Defendant Rob McWhorter the sales representative for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., is a resident Alabama. (Compl. ¶¶ 11.) Defendant Tiffany Guckenbery the sales representative for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., is a resident Alabama. (Compl. ¶¶ 12.) (hereinafter collectively referred to as "In-State Defendants")  Additionally, the Defendants attempt to argue that the decision in *Legg v. Wyett*, 428 F. 3d 1317 (11th Cir. 2005), should alter this Court's analysis of the issues concerning the remand of this matter.  However, the court in *Legg* did NOT state that the standard of review in such case should be changed.  Thus, the Defendants' argument to the contrary must fail, and this case should be remanded back to state court.

Defendants have also filed a Motion to Stay the current proceedings pending transfer to Multi-District Litigation. Likewise, their Motion to Stay should also fail because the issue of subject-matter jurisdiction should be resolved by this Court. Cases improvidently removed to federal court for which subject matter jurisdiction is absent should not be transferred to the MDL. Therefore, Defendants' Motion to Stay should be denied.

## ARGUMENT

### I.     Defendants Have Failed To Meet the Heavy Burden of Proving Fraudulent Joinder

Defendants contend that Plaintiff has fraudulently joined the In-State Defendant. However, Plaintiff stands on his recitation that Defendants failed to meet their heavy burden of proving fraudulent joinder according to Eleventh Circuit law. Plaintiff has asserted valid fraud and negligent misrepresentation claims against the In-State Defendant. As stated in the Plaintiff's Motion to Remand, District Courts in Alabama have remanded numerous cases concerning the issue of whether sales representatives are fraudulently joined in relation to claims of fraud and negligent misrepresentation. (See, Plaintiff's Brief in Support of Motion to Remand, pages. 8-9.)

Although the Defendants attempt to cite case law from various magistrate and district courts where remand was denied, there are an equal or greater number of district courts in Alabama that have granted remand. This Court has granted motions to remand when the resident Defendant was a sales representative. The Court's recitation of the law in *Faulk v. SmithKline Beecham Corp., et al* supports Plaintiff's conclusion:

> A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997) (citation omitted). This burden on the defendants is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.* If there is a possibility that a state court would find that

3

the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to state court. *See Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983).[1] **In other words, a motion to remand should be denied only if the court is convinced that there is "no possibility that the plaintiff can establish any cause of action against the resident defendant."** *See Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989).

*Faulk v. Smith Kline Beecham Corp., et al.,* no. 2:05-cv-85-F (M.D. Ala. Sept. 7,

2005)(Fuller, J.). (*See* Exhibit "A"). Similarly, the Court's recitation of the law in

*Thomas v. Jim Walter Homes, Inc.* also supports Plaintiff's conclusion:

The burden of proving fraudulent joinder rests with the removing party. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983). The Eleventh Circuit prescribes a two-fold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) **that there is no possibility the plaintiff could establish a cause of action against the resident defendant In-State court** or 2) that the plaintiff fraudulently pleaded jurisdictional fact. *Id.* at 1440. These determinations should be made based upon the plaintiff's pleadings at the time of removal. *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989). When considering the issue of fraudulent joinder, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts."

*Thomas v. Jim Walter Homes, Inc.*, 918 F. Supp. 1498, 1501 (M.D. Ala. 1996) (Albritton,

J) (emphasis added). The Court very recently affirmed the correctness of this standard in

*Shields v. Washington National Ins. Co.*, 2005 WL 1523556 (M.D. Ala. June 28, 2005)

(Albritton, J.):

In *Parks v. New York Times* 308 F.2d 474, 478 (5th Cir. 1962), the court explained that **there can be no fraudulent joinder unless it [is] clear that there**

---

[1] It is important to note that the Court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," *Coker,* 709 F.2d 1433, 1440 (11th Cir. 1983), supplemented by any affidavits or deposition transcripts filed by the parties. "While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' the jurisdictional inquiry 'must not subsume substantive determination'... When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).

**can be no recovery under the law of the state on the cause alleged,** or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Shields,* 2005 WL 1523556, at 3 (citing *Parks v. New York Times,* 308 F.2d 474, 478 (5th Cir. 1962) (emphasis added).

The law in the Eleventh Circuit is not whether there is a reasonable basis for Plaintiff's claims (though Plaintiff believes he meets this standard as well), but whether there is a possibility that Plaintiff can establish a cause of action against the resident defendant in state court. To prevail, Defendants must show that there is no possibility that Plaintiff can recover under any claim contained in the Complaint:

> If there is even a possibility that a state court would find that the Complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; **he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.**

*Triggs,* 154 F.3d at 1287 (citations omitted); *see Bobby Jones Garden Apts. v. Suleski,* 391 F.2d 172, 177 (5th Cir. 1968) (emphasis added).

Defendants contend that Plaintiff joined the In-State Defendant solely for the purpose of defeating diversity jurisdiction and that Plaintiff does not make specific factual allegations against the In-State Defendant. The Defendants' contentions are extremely misguided. Plaintiff's Complaint is replete with specific factual allegations against all Defendants, which include the In-State Defendant. The Complaint clearly sets out how all Defendants, including the In-State Defendants, improperly marketed and distributed Celebrex. (Compl. ¶ 16.) Additionally, as Plaintiff stated in Paragraph 19 of

his Complaint, **all** Defendants were specifically alleged to have: (1) marketed and distributed Celebrex directly to the consuming public; (2) encouraged the use of Celebrex in improper customers; (3) misrepresented the safety and effectiveness of Celebrex; (4) concealed and/or understated Celebrex's dangerous side effects. All Defendants, including the In-State Defendant, breached their duty of care and were negligent in the marketing, promotion, sale, supply, and/or distribution among other actions, concerning Celebrex.  (Compl. ¶ 77.)  All Defendants, including the In-State Defendant, were engaged in the business of marketing, promoting, selling, supplying, and/or distributing, among other actions, the drug Celebrex, which is defective and unreasonable dangerous to user and/or consumers of Celebrex, including Plaintiff. (Compl. ¶ 84.) Additionally, Plaintiff has stated several other instances of specific factual allegations against the In-State Defendant, including but not limited to, failure to warn allegations (Compl. ¶ 93.), breach of warranty allegations (Compl. ¶ 104 and 113), fraud claims (Compl. ¶ 123), and negligent misrepresentation claims (Compl. ¶ 138.)   These allegations are sufficient to state a cause of action under AEMLD against all Defendants, non-resident and resident alike.

Plaintiff's complaint clearly states case specific facts supporting a claim against the In-State Defendant.   Consequently, complete diversity of citizenship is lacking in this case. *See e.g. Faulk,* no. 2:05-cv-85-F (Fuller, J.)(Concluding from the complaint that it appears that there is not complete diversity of citizenship in this case because Defendants Letner and Robinson [Alabama Sales Representatives] and Plaintiff are all residents of Alabama.)

The removing party bears the heavy burden of proving that the joinder of the resident defendant was fraudulent. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir. 1983); *see Frontier Air Lines, Inc. v. United Air Lines, Inc.,* 758 F. Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell,* 232 U.S. 146, 152 (1914)). Moreover, as the Court noted in *Thomas* and *Faulk,* in the Eleventh Circuit there is a "strong policy . . . resolving any doubts in favor of deference to the state court." *Thomas,* 918 F. Supp. at 1504 (Albritton, J.); *Faulk,* no. 2:05-cv-85-F, (Fuller, J.)

In summary, District Courts in Alabama have rightly found that Plaintiffs who allege claims of fraud and negligent misrepresentation against sales representatives of drug companies have alleged valid claims under Alabama law. The In-State Defendant is not fraudulently joined in this case. Diversity jurisdiction is not present. Furthermore, Federal District Courts, in remanding similar cases, have stated that "[i]f there is a colorable cause of action – that is, if the state law might impose liability on the Resident Defendant under the facts alleged – then there is no fraudulent joinder." Order, *Fennel, et al., v. Wyeth, et al.,* No. 4:04 CV00342 (July 28, 2004, E.D. Ark.). This Court also stated that if the sufficiency of the complaint against non-diverse Defendants is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand, but simply remand the case and leave the question for the State Courts to decide." Id.

## II. *Legg v. Wyeth* Is Not Controlling and Is Distinguishable from the Present Case

The recent 11th Circuit case cited by the Removing Defendants is not controlling on the issue of subject matter jurisdiction and is distinguishable from the present case. In *Legg v. Wyeth,* 428 F.3d 1317 (11th Cir. 2005), the Circuit Court of Appeals for the

7

Eleventh Circuit did not review the district court's order granting plaintiff's motion to remand: "While 28 U.S.C. § 1447(d) bars our review of a remand such as this one based on lack of subject matter jurisdiction, the statute does not 'exclude the district court's assessment of costs from appellate review.'" *Legg*, 428 F.3d at 1319-1320 (quoting *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616 (11th Cir. 1990)). Rather, the sole issue before the court was the correctness of the district court's order awarding attorneys' fees and costs to the plaintiffs. *Legg*, 428 F.3d at 1318 ("Wyeth appeals the district court's order awarding attorneys' fees and costs to the Plaintiffs."). In determining whether costs were properly assessed, the court stated that costs should only be assessed in cases of improvident removal. *Id.* at 1322. It was within that framework that the court went on to determine whether Wyeth's removal in the case was improvident. The court concluded that Wyeth's removal was not improvident because Wyeth had submitted affidavits of its sales representatives in support of the notice of removal and plaintiffs have failed to rebut the averments in the affidavits with other evidence. Since the plaintiffs offered no response to the allegations of Wyeth, the court concluded that there was no question of fact for the district court to resolve. *Id.* at 1323. In the limited context of whether to award costs and attorneys' fees, the court concluded that the removal was not improvident and the award of costs and attorneys' fees should be reversed.

The *Legg* case does not "supersede the cases cited by plaintiff in which district courts in Alabama have remanded cases involving sales representatives" and does not stand for the blanket proposition that all sales representatives in every single case are fraudulently joined.

Moreover, the facts in *Legg* may be further distinguished from the facts in the present case.    Plaintiff has disputed the allegations of the Removing Defendants concerning the In-State Defendants.  In the Complaint and Motion to Remand, Plaintiff stated that the In-State Defendants provided Celebrex to Plaintiff's healthcare provider, who in turn, prescribed Celebrex to Plaintiff after relying on the Instate-Defendants' misrepresentations concerning the safety of Celebrex.  In addition, Plaintiff contends that the In-State Defendants' knowledge concerning Celebrex was superior to the knowledge held by Plaintiff's healthcare provider.  Unlike the plaintiff in *Legg,* Plaintiff disputes the facts asserted in the In-State Defendants' affidavits and has put forth the evidence to support his argument that valid claims have been stated against these sales representatives.

For instance, the In-State Defendants' 'form' affidavits all state, "I have never made any representations to the general public concerning Celebrex."    (See In-State Defendants' Affidavits generally, ¶ 8).    However, the In-State Defendants gave inadequate warnings to the Plaintiff's healthcare provider along with advertisement of Celebrex through various mediums are sufficient misrepresentations to the general public.  Also, the Defendants state that they never sold Celebrex to physicians and patients.    (See In-State Defendants' Affidavits generally, ¶ 7.)    Nonetheless, the Defendant has properly alleged that the In-State Defendants sold, supplied, distributed and promoted Celebrex. Finally, the In-State Defendants state that it is their job to make physicians aware of Pfizer's products [Celebrex], in order for the physicians to consider whether to prescribe them for a particular patient. (See In-State Defendants' Affidavits generally, ¶ 5).    However, Plaintiff's Complaint demonstrates that the In-State

Defendants withheld and/or presented fraudulent information concerning the safety of Celebrex.

Additionally, the United States District Court for the Middle District of Alabama recently granted plaintiffs' motion to remand while citing *Legg*. *Morris Forest Products, LLC v. Keystone Exterior Design, LLC, et al.*, 2005 WL 3455882 at *3 (M.D. Ala. Dec. 16, 2005). In *Morris*, the case was originally filed in the Circuit Court of Tallapoosa County, Alabama. *Id.* at *1. The plaintiffs were Morris Forest Products, LLC and Stan Pittman, a citizen of Georgia. *Id.* The plaintiffs asserted claims against various defendants, Keystone and Universal Forest Products. *Id.* The plaintiffs claimed that a licensing agreement was entered into between Keystone and Morris that gave Morris the right to market a residential deck system. *Id.* According to the licensing agreement, Morris also had the right of first refusal if Keystone received an offer to purchase its stock. *Id.* Later, Keystone was sold to Universal Forest Products, also a defendant in the case, which terminated the licensing agreement with Morris. *Id.* As a result of the sale, plaintiffs asserted that Pittman, a contractor with Morris, lost commissions and suffered damages. *Id.* Pittman alleged that certain representations were made to him in a meeting with Keystone and Universal and that the defendants concealed the nature and extent of their relationship from him. *Id.* at *2. Pittman further alleged that after he was offered employment by Keystone and he refused, Morris was not allowed to continue to make the deck systems. *Id.* The defendants removed the case to federal court on the grounds that diversity jurisdiction was present. Specifically, the defendants claimed that the non-diverse defendant and Pittman were fraudulently joined. *Id.* at *1. The court found that the non-diverse defendant and plaintiff were not fraudulently joined.

10

In arguing that diversity jurisdiction existed between the parties, the defendants asserted that "there [was] no possibility that Pittman [could] establish any claims against any Defendant in this case because Pittman was merely an employee, or agent, of Morris and Morris [was] the only true Plaintiff in the case." *Id.* at 3. The plaintiffs argued that "there [was] a possibility that a state court [would] find that Pittman [could] establish a cause of action against one or more Defendants because Alabama law recognizes a claim by an individual employed by a corporation where defendants have acted with intent to harm that individual." *Id.* In deciding whether or not there was a possibility that Pittman could establish any claims against any of the defendants, the court stated that the Eleventh Circuit, in *Legg v. Wyeth*, "recently **clarified** the role that evidence plays in evaluating a contention that a defendant has been fraudulently joined." *Id.* (emphasis added). Furthermore, the court stated that the plaintiffs in that case did not rely merely on the allegations in the complaint, but that the plaintiffs presented evidence in opposition to the defendant's evidence, as outlined in *Legg*. *Id.* at 7. In concluding that the case should be remanded to state court, the court stated:

> Applying the legal standard of "any possibility," and bearing in mind that the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear, the court has concluded that Plaintiff Stan Pittman and Defendant Dana Rector have not been fraudulently joined."

*Id.*

Like the plaintiffs in *Morris Forest Products*, Plaintiff has not merely relied on the allegations of his Complaint. Furthermore, Plaintiff has disputed the facts asserted in the In-State Defendant's affidavit and has put forth the evidence to support his argument that valid claims have been stated against the Sales Representative Defendants

### .III.    Plaintiff Has Stated Valid Product Liability (AEMLD) Claims Against The In-State Defendants

Under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), one who sells a product in a defective, unreasonably dangerous condition may be held liable by a plaintiff even though the seller exercised all possible care. *Casrell v. Altec Indus., Inc.,* 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So. 2d 134, 141 (Ala. 1976); *see also Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1360 (M.D.Ala. 1999) (De Ment, J.). The Supreme Court of Alabama in *First National Bank of Mobile v. Cessna Aircraft Co.,* 365 So. 2d 966 (Ala. 1978), illuminated a principle underlying AEMLD – that liability attaches to sellers solely because they have exposed an expected user of a product not reasonably safe to unreasonable risks:

> On whatever theory, the justification for the strict liability has been said to be that the seller, [b]y marketing his product for use and consumption, **has undertaken and assumed a special responsibility toward any member of the consuming public who may be injured by it; that the public has the right to and does expect, in the case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods . . . The burden of accidental injuries caused by products intended for consumption [sic] be placed upon those who market them,** . . . and that the consumer of such products is entitled to the maximum of protection at the hands of someone, and the proper persons to afford it are those who market the products.

*First Bank of Mobile,* 365 So. 2d at 967 (quoting Restatement (Second) of Torts § 402A, Comment C) (emphasis added).

Defendants argue that the In-State Defendants cannot be held liable under AEMLD for the product liability claims because they are not "sellers." The In-State Defendant, as sales representatives, may properly be held liable for their participation in the marketing of Celebrex. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*,

496 So. 2d 774, 775 (Ala. 1986).    As Plaintiff stated in his Motion to Remand, the In-State Defendants, as sales representatives, presented Celebrex to the medical, pharmaceutical, and/or scientific communities with false and misleading information regarding the safety and efficacy of Celebrex and suppressed material information regarding the safety and efficacy of Celebrex and its harmful side effects, and placed Celebrex in the stream of commerce. (Compl. ¶ 85.)

Defendants, in communications to physicians, compared the efficacy of Celebrex to other existing pain relievers, including other COX-2 inhibitors, sought to distinguish Celebrex from other pain relievers already on the market, and worked to persuade physicians to prescribe Celebrex to their patients.    The In-State Defendant provided physicians with Celebrex product information and samples. Throughout these activities, the In-State Defendants worked to increase sales of Celebrex.

Plaintiff has alleged claims against the In-State Defendants in that they marketed, advertised, sold, and/or otherwise distributed Celebrex.    Celebrex is defective and unreasonably dangerous as designed, is unreasonably dangerous due to inadequate testing, and is defective in marketing due to inadequate warnings or instructions. The In-State Defendant inadequately warned or instructed physicians, including Plaintiff, of the dangers of Celebrex or, alternatively, failed to provide timely and adequate post-marketing warnings or instructions after becoming aware of the risk of injury from taking Celebrex. As a direct and proximate consequence, Plaintiff was prescribed Celebrex and suffered a stroke as a result of its use. (Compl. ¶21).  These allegations suffice to state a cause of action against the In-State Defendants.

In working to increase sales, the In-State Defendants acted as "sellers" under AEMLD. A finding of individual liability under AEMLD against an In-State Defendant would be consistent with the rule under Alabama law that "officers and **employees** of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F. Supp. 505, 513 (M.D. Ala. 1983)) (emphasis added); *see Chandler v. Hunter*, 340 So. 2d 818, 822 (Ala. Civ. App. 1976).

Defendants cite *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp.2d 272, 287 (S.D.N.Y. 2001), in support of their argument. With all due respect to the United States District Court for the Southern District of New York, Plaintiff asserts that Judge Kaplan's decision is contrary to the settled law of Alabama. Plaintiff once again turns the Court's attention to previous decisions made by this Court, along with various federal courts, which have rejected the argument that employees of manufacturers who distribute unreasonably dangerous products cannot be held liable under the AEMLD for design defects, failure to warn and/or similar product liability doctrines. *E.g., Seaborn v. R.J. Reynolds Tobacco Co.*, 1996 WL 943621 (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Jenkins v. R.J. Reynolds Tobacco Co.*, no. 96-T-1489-N (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Acton v. R.J. Reynolds Tobacco Co.*, no. 96-C-2737-W (N.D.Ala. Oct. 23, 1996) (Clemon, J.); *Clay*, 77 F.Supp.2d at 1224 (De Ment, J.).

In each of these cases, the defendant tobacco companies claimed the plaintiff's joinder of the manufacturer's sales representative was fraudulent. Relying on the general principle noted above that officers or employees of a corporation are liable for torts in

14

which they have personally participated, *e.g., Ex parte Charles Bell Pontiac*, 496 So.2d at 775, each court noted that, to the extent the manufacturer defendant allegedly violated the AEMLD, "it acted through its employees; the company does not employ ghosts." *E.g., Clay*, 77 F.Supp.2d at 1224; *Seaborn*, 1996 WL 943621, *3. Accordingly, each court allowed plaintiffs to pursue the employee sales representatives individually -- even in the absence of any personal contact with the plaintiffs -- and to substitute new individual defendants in the event the plaintiffs had named the wrong individuals at the outset. *Id.*

Similarly, in *Acton*, Judge Clemon entered an order of remand under circumstances nearly identical to those in *Seaborn*, finding the plaintiff's complaint against non-resident cigarette manufacturers and resident retailers of the manufacturers' cigarettes improvidently removed. *Action,* no. 96-T-1489-N(Clemon, J.)

Recently, various other Federal Courts in Alabama have ruled that resident sales representative defendants were proper in-state defendants and have granted the plaintiff's motions to remand. *See Ware v. Pfizer, Inc.,* no. 2:05-cv-659-T (M.D. Ala. August 26, 2005)(Thompson, J.); *Faulk,* no. 2:05-cv-85-F (Fuller, J.). Both of these pharmaceutical drug cases are identical to the present case, where in state defendants were named in the complaints where identical causes of action were plead. In fact, the *Ware* case involved a Plaintiff's action against many of the same Defendants. The Court ruled that there is a possibility that the Plaintiff could establish at least one of her causes of action against at least one of the resident defendants. *Ware,* No. 2:05-cv-659T. Likewise, there is clearly a possibility for Plaintiff Morris to prove that at least one of the multiple causes of action exists against the In-State Defendants named in his complaint.

Moreover, Pfizer's own website displaces any contention by Defendants that the In-State Defendants are not "sellers" of Celebrex and other products. For example, under the "Careers with Pfizer Pharmaceutical Sales" section of the website, employees will work "to develop strategies to *increase sales* and better serve [Pfizer's] customers[2]. Also, Pfizer's applicants are told they "[will] be *selling* to one of the highest paid, best educated groups of professionals in all of the United States[3]." Finally, during training to become a sales representative for Pfizer, trainees learn how to "refine [their] *selling* skills" and will be required to "demonstrate some of [their] newly-acquired *selling* skills in front of a group[4]."

Despite their apparent ability to engage in games of semantics, Defendants have failed to demonstrate to this court that they are not "sellers" of Celebrex under Alabama Law. Moreover, the Defendants cannot show the impossibility of Plaintiff stating one of his claims against the In-State Defendants. The In-State Defendants are properly joined party to this action. Therefore, federal diversity jurisdiction is not present and the case should be remanded back to state court.

## IV.    Plaintiff Has Alleged Valid Claims of Express and Implied Breach of Warranty Claims Against The In-State Defendants

Defendants further contend that Plaintiff cannot proceed in prosecuting his claims for breach of warranty against the In-State Defendants because they are not "sellers" of Celebrex. As established in the discussion regarding Plaintiff's claims for product liability, the Alabama Sales Representative was indeed acting as "sellers" under Alabama

---

[2] See http://www.pfizer.com/pfizer/subsites/pharmsales/working/index.jsp (attached as Exhibit "B").
[3] See http://www.pfizer.com/pfizer/subsites/pharmsales/working/mn_average.jsp (attached as Exhibit "C")
[4] See http://www.pfizer.com/pfizer/subsites/pharmsales/working/mn_training.jsp (attached as Exhibit "D")

law. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775
(Ala. 1986).

The absence of a direct or contractual relationship between the In-State Defendant
and Plaintiff does not bar a breach of warranty claim. *See e.g., Bishop v. Faroy Sales*, 336
So. 2d 1340, 1345 (Ala. 1976) (involving breach of warranty where the Court noted that a
"seller" under the Uniform Commercial Code is "a person who sells or contracts to sell
goods"). Under Alabama law, claims are available against agents of corporations for
breach of warranty.

Plaintiff has stated valid claims against the In-State Defendant for breach of
express and implied warranty. Consequently, each Defendant is properly joined to this
action and this matter should be remanded back to state court.

## V.    Plaintiff Has Stated Valid Claims of Fraud and Negligent Misrepresentation Claims Against the In-State Defendants

Plaintiff has asserted viable fraud, and negligent misrepresentation claims against
the In-State Defendants. Defendants argue that Plaintiff failed to plead allegations of
fraud and negligent misrepresentation with the specificity required by Rule 9, *Ala. R. Civ.
P.* (Defendants Memorandum in Opposition to Remand, pg. 17.) Plaintiff clearly alleged
in the Complaint facts sufficient to satisfy the requirements of Rule 9 against all
Defendants. For instance, Plaintiff alleged that all Defendants, including the In-State
Defendants, misrepresented to and actively concealed from the medical communities and
consumers, such Plaintiff's healthcare provider concerning: (1) insufficient studies
regarding the safety and efficacy of Celebrex; (2) that Celebrex was fully and adequately
tested despite knowledge of insufficient testing; (3) knowledge of prior studies linking
Celebrex to adverse cardiovascular events; (4) knowledge of reports showing an increase

17

of heart attacks associated with the use of Celebrex; and (5) downplaying the risk of Celebrex concerning increased heart attacks. (Compl. ¶ 128).

Additionally, Rule 9(b) only applies to fraud, mistake, and condition of mind; not negligent misrepresentation as the Defendants attempt to argue. Rule 9(b) requires that "the circumstances constituting the fraud be plead, it does not require that each element of fraud be delineated." *Spry Funeral Homes, Inc. v. Deaton,* 363 So. 2d 786 (Ala. 1978). The committee comments state, "(the) special requirement(s) as to fraud… (do) not require every element… To be stated with particularity…" (Emphasis supplied.) *Id.* When, as here, the defendant is reasonably apprised that the claim against him is one for fraud, and the claim is more than a generalized or conclusory statement of the fraud complained of, the pleading satisfies the rule's requirements.

### VI.   The Learned Intermediary Doctrine Does Not Insulate the Resident Defendants From Liability For Their Fraudulent Representations.

Under the learned intermediary doctrine, the duty of the drug manufacturer to warn of potential dangers from use of a prescription drug generally extends only to the physician; not to the lay consumer of the drug. *See Stone v. Smith, Kline & French Lab.,* 447 So.2d 1301, 1305 (Ala. 1984). Where that doctrine is applicable, the drug manufacturer escapes liability for failing to warn the patient if the manufacturer has provided *adequate* and *reasonable* warnings to the physician. If there is no physician in the role of learned intermediary, then the drug manufacturer has a duty to adequately warn the consumer. *Wyeth Laboratories, Inc. v. Fortenberry,* 530 So.2d 688, 691 (Miss. 1988), (citing *Swayze v. McNeil Laboratories, Inc.,* 807 F.2d 464 (5th Cir. 1987)); *see also, e.g., Reyes v. Wyeth Laboratories,* 498 F.2d 1264, 1277 (5th Cir. 1974).

18

However, the physician can only perform the function of the "learned intermediary" between the manufacturer and the consumer where the manufacturer has provided an *adequate* warning. *Pitman v. Upjohn Company*, 890 S.W.2d 425, 429 (Tenn. 1994); *Amore v. G.D. Searle & Co.*, 748 F. Supp. 845, 850 (S.D. Fla. 1990). The adequacy of the warning is a question of fact for the jury. *E.g., Toole*, 999 F.2d at 1433; *see also, e.g., Timm v. Upjohn Co.*, 624 F.2d 536, 539 (5th Cir. 1980).

Plaintiff has alleged that the Resident Defendants advertised, promoted, sold and/or marketed Celebrex to Plaintiff's Decedent's physician utilizing known, fraudulent information and by failing to disclose material information regarding the dangers of Celebrex and the adverse events associated with Celebrex. Assuming arguendo that the learned intermediary doctrine would apply to an individual defendants – which the Alabama Supreme Court has never addressed – Defendants cannot show that the learned intermediary doctrine eliminates any possibility that Plaintiff can state a claim against them. In other words, the learned intermediary doctrine cannot establish that the In-State Defendants were fraudulently joined.

## CONCLUSION

For the reasons outlined here and in the Motion to Remand, this Court lacks subject matter jurisdiction. The parties to this action are not diverse as required by 28 U.S.C. § 1332. Each party is properly joined to this action. Therefore, Plaintiff respectfully urges the Court to remand this action in its entirety to the Circuit Court of Talladega County, Alabama.

Respectfully submitted this the 24th day of May, 2006.

/s/Navan Ward, Jr.
JERE L. BEASLEY (BEA020)
ANDY D. BIRCHFIELD, JR. (BIR006)
PAUL SIZEMORE (SIZ004)
NAVAN WARD, JR. (WAR062)
GERALD B. TAYLOR, JR. (TAY026)

Attorneys for Plaintiff

**OF COUNSEL:**
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343 telephone
(334) 954-7555 facsimile

PENN & SEABORN
Shane Seaborn
Post Office Box 668
Clayton, Alabama 36106

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the parties as listed below by filing via the CM/ECF electronic filing system on this the 24th day of May, 2006.

Lawrence B. Clark
M. Jason Asbell
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
SouthTrust Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama  35203

/s/NavanWard, . Jr.
OF COUNSEL